**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

FILED

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., | § § § § |
| Plaintiff, | § § § |
| v. | § § |
| SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA LLC; | § § § § § § § |
| Defendants. | § § § |

2012 OCT -4 P 3 33

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

CIVIL ACTION NO. 2:12cv548

**JURY TRIAL DEMANDED**

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Virginia Innovation Sciences, Inc. files this Complaint against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Defendants") for infringement of U.S. Patent No. 7,899,492 ("the '492 patent"), U.S. Patent No. 8,050,711 ("the '711 patent"), U.S. Patent No. 8,145,268 ("the '268 patent"), U.S. Patent No. 8,224,381 ("the '381 patent"), U.S. Patent No. 7,957,733 ("the '733 patent"), and U.S. Patent No. 8,135,398 ("the '398 patent").

## THE PARTIES

1.      Virginia Innovation Sciences, Inc. ("Virginia Innovation Sciences") is a Virginia corporation with its principal place of business in this judicial district and in this division, at 1600 South Joyce Street, Arlington, Virginia 22202.

1

2.     Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea with its principal place of business located at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Republic of Korea.

3.     Samsung Electronics America, Inc. is a New York corporation and a subsidiary of Samsung Electronics Co., Ltd. This Defendant's principal place of business is located at 1200 New Hampshire Ave., Suite 500, Washington, DC 20036. It may be served with process through its registered agent in the Commonwealth of Virginia, CT Corporation System, 4701 Cox Rd., Suite 301, Glen Allen, VA 23060-6802.

4.     Samsung Telecommunications America LLC is a Delaware corporation and a subsidiary of Samsung Electronics Co., Ltd. This Defendant's principal place of business is located at 1301 E. Lookout Drive, Richardson, Texas 75082. It may be served with process through its registered agent in the Commonwealth of Virginia, Corporation Service Company, 11 S. 12th St., PO Box 1463, Richmond, VA 23218.

## JURISDICTION AND VENUE

5.     Virginia Innovation Sciences brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving their accused products in this judicial district, and/or has regular and established places of business in this judicial district.

7.     Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Virginia Long Arm Statute, due at least to its

2

substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Virginia residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,899,492)

8.      Virginia Innovation Sciences incorporates paragraphs 1 through 7 herein by reference.

9.      This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

10.     Virginia Innovation Sciences is the owner of the '492 patent, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information From Wireless Communication Networks," with ownership of all substantial rights in the '492 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '492 patent is attached as Exhibit A.

11.     The '492 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

12.     Defendants have directly infringed, and continue to directly infringe, one or more claims of the '492 patent in this judicial district and elsewhere in Virginia and the United States.

13.     In particular, Defendants are infringing at least claims 1, 2, 4, 6, 7, 11-13, 15, 17, 18, 22-24, 26, 28, 29, and 33, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDMI Smart Adapter. Such phones include, but are not limited to, the Galaxy Note, the Galaxy

S2, the Infuse, and the Captivate. Defendants are liable for these direct infringements of the '492 patent pursuant to 35 U.S.C. § 271.

14. Defendants have directly infringed, and continue to directly infringe, one or more claims of the '492 patent in this judicial district and elsewhere in Virginia and the United States. In particular, Defendants are infringing at least claims 1, 2, 4, 6, 7, 11-13, 15, 17, 18, 22-24, 26, 28, 29, and 33, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDTV Adapter. Such phones include, but are not limited to, the Galaxy S3. Defendants are liable for these direct infringements of the '492 patent pursuant to 35 U.S.C. § 271.

15. Further, Defendants have directly infringed, and continue to directly infringe, at least claims 1, 2, 4, 6, 7, 11-13, 15, 17, 18, 22-24, 26, 28, 29, and 33, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with docking stations. Such phones include, but are not limited to, the Galaxy Nexus. Such docking stations include, but are not limited to, the Galaxy Nexus i515 Multimedia Dock. Defendants are liable for these direct infringements of the '492 patent pursuant to 35 U.S.C. § 271.

16. Defendants have directly infringed, and continue to directly infringe, at least claims 1, 2, 6, 7, 11-13, 17, 18, 22-24, 28, 29, and 33, by, among other things, making, using, offering for sale, selling, and/or importing smartphones utilizing DLNA, MHL, and/or the Samsung AllShare software. Such phones include, but are not limited to, the Galaxy Note, the Droid Charge Smartphone, the Galaxy Proclaim, the Galaxy S Aviator, the Galaxy S 4G, the Samsung Captivate, the Samsung Captivate Glide, the Samsung Epic 4G, the Samsung Exhibit II 4G, the Samsung Exhibit 4G, the Samsung Fascinate, the Samsung Galaxy Appeal, the Samsung Galaxy Attain 4G, the Samsung Galaxy Exhilarate, the Samsung Galaxy Indulge, the Samsung

Galaxy Note, the Samsung Galaxy S Blaze 4G, the Samsung Galaxy S III, the Samsung Galaxy S II Skyrocket, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Gravity Smart, the Samsung Illusion, the Samsung Indulge, the Samsung Infuse, the Samsung Mesmerize, the Samsung Rugby Smart, the Samsung Showcase, the Samsung Showcase i500, the Samsung Stratosphere, the Samsung Vibrant, and the T-Mobile Sidekick 4G. Defendants are liable for these direct infringements of the '492 patent pursuant to 35 U.S.C. § 271.

17. Defendants have directly infringed, and continue to directly infringe, at least claims 1, 3, 4, 6, 7, 11, 12, 14, 15, 17, 18, 22, 23, 25, 26, 28, 29, and 33, by, among other things, making, using, offering for sale, selling, and/or importing tablets that are capable of operating in conjunction with the Samsung Galaxy Tab HDTV Adapter. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock. Defendants are liable for these direct infringements of the '492 patent pursuant to 35 U.S.C. § 271.

18. Defendants have directly infringed, and continue to directly infringe, at least claims 1, 3, 6, 7, 11, 12, 14, 17, 18, 22, 23, 25, 28, 29, and 33, by, among other things, making, using, offering for sale, selling, and/or importing tablets utilizing DLNA, MHL, and/or the Samsung AllShare software. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock. Defendants are liable for these direct infringements of the '492 patent pursuant to 35 U.S.C. § 271.

19. Defendants have directly infringed, and continue to directly infringe, at least claims 4 and 26, by, among other things, making, using, offering for sale, selling, and/or importing Wi-Fi enabled Blu-ray players having a high definition output. Such devices include,

but are not limited to, the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000. Defendants are liable for these direct infringements of the '492 patent pursuant to 35 U.S.C. § 271.

20. Defendants have directly infringed, and continue to directly infringe, at least claims 4 and 26, by, among other things, making, using, offering for sale, selling, and/or importing wireless multimedia hubs. Such devices include, but are not limited to, the "AllShare Cast Wireless HUB." Defendants are liable for these direct infringements of the '492 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

21. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '492 patent by inducing direct infringement by users who use the Samsung HDMI Smart Adapter in conjunction with the Galaxy Note, the Galaxy S2, the Infuse, and/or the Captivate.

22. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '492 patent by inducing direct infringement by users who use the Samsung HDTV Adapter in conjunction with the Galaxy S3.

23. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or

more claims of the '492 patent by inducing direct infringement by users who use the Galaxy Nexus i515 Multimedia Dock in conjunction with the Galaxy Nexus.

24. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '492 patent by inducing direct infringement by users who use utilizing DLNA, MHL, and/or the Samsung AllShare software on Samsung smartphones. Such phones include, but are not limited to, the Galaxy Note, the Droid Charge Smartphone, the Galaxy Proclaim, the Galaxy S Aviator, the Galaxy S 4G, the Samsung Captivate, the Samsung Captivate Glide, the Samsung Epic 4G, the Samsung Exhibit II 4G, the Samsung Exhibit 4G, the Samsung Fascinate, the Samsung Galaxy Appeal, the Samsung Galaxy Attain 4G, the Samsung Galaxy Exhilarate, the Samsung Galaxy Indulge, the Samsung Galaxy Note, the Samsung Galaxy S Blaze 4G, the Samsung Galaxy S III, the Samsung Galaxy S II Skyrocket, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Gravity Smart, the Samsung Illusion, the Samsung Indulge, the Samsung Infuse, the Samsung Mesmerize, the Samsung Rugby Smart, the Samsung Showcase, the Samsung Showcase i500, the Samsung Stratosphere, the Samsung Vibrant, and the T-Mobile Sidekick 4G.

25. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '492 patent by inducing direct infringement by users who use the Samsung Galaxy Tab HDTV Adapter in conjunction with Samsung tablets. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy

Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.

26. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '492 patent by inducing direct infringement by users who use utilizing DLNA, MHL, and/or the Samsung AllShare software on Samsung tablets. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.

27. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, the '492 patent by inducing customers to directly infringe one or more claims of the '492 patent by utilizing Samsung Wi-Fi enabled Blu-ray players having a high definition output to wirelessly receive content and then transmit the content to an alternative display over high definition. Such devices include, but are not limited to, the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.

28. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, the '492 patent by inducing customers to directly infringe one or more claims of the '492 patent by utilizing wireless multimedia hubs to wirelessly receive content and then transmit the content to

an alternative display over high definition.  Such devices include, but are not limited to, the "AllShare Cast Wireless HUB."

29.    Defendants have had knowledge of the '492 patent and the infringing nature of their activities at least since Virginia Innovation Sciences effected service of this Original Complaint.

30.    On information and belief, despite having knowledge of the '492 patent, Defendants have specifically intended for persons who acquire and use the accused Samsung products, including, but not limited to, smartphones, tablets, multimedia docking stations, Wi-Fi enabled Blu-ray players, and wireless multimedia hubs, including Defendants' customers, to acquire and use such devices in such a way that infringes the '492 patent, including at least claims 1-4, 6, 7, 11-15, 17, 18, 22-26, 28, 29, and 33, and Defendants knew or should have known that their actions were inducing infringement.

31.    Specifically, Defendants instruct users of the AllShare software located on Samsung DLNA and/or MHL compliant smartphones, such as those identified in this Count, to use the software in a manner that infringes the '492 patent.  See, e.g., http://www.samsung.com/global/allshare/pcsw/ and http://support-us.samsung.com/cyber/popup/iframe/pop_trouble shooting_fr.jsp?idx=167364&modelname=LN40C650L1F&modelcode&session_id.

32.    Further, Defendants instruct users to use the Samsung HDMI Smart Adapter in a manner that infringes the '492 patent by providing an instruction and/or user manual with the Samsung HDMI Smart Adapter.  Defendants instruct users to use the Samsung HDTV Adapter in a manner that infringes the '492 patent by providing an instruction and/or user manual with the Samsung HDTV Adapter.   And Defendants instruct users to use the Samsung Galaxy Tab HDTV Adapter in a manner that infringes the '492 patent by providing an instruction and/or user manual with the Samsung Galaxy Tab HDTV Adapter.

9

33.     Further, Defendants instruct users to use Samsung Wi-Fi enabled Blu-ray players having a high definition output in a manner that infringes the '492 patent by providing an instruction and/or user manual with the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.

34.     Further, Defendants instruct users to use the wireless multimedia hubs in a manner that infringes the '492 patent by providing an instruction and/or user manual with the "AllShare Cast Wireless HUB."

35.     Based on the information presently available to Virginia Innovation Sciences, Defendants have neither relied on an opinion of counsel related to the '492 patent, nor have they produced evidence as to any investigation of patent enforceability or validity.  In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

36.     Furthermore, Defendants have not implemented a design around or otherwise taken any remedial action with respect to the '492 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

37.     Virginia Innovation Sciences has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to Virginia Innovation Sciences in an amount that adequately compensates Virginia Innovation Sciences for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 8,050,711)

38.     Virginia Innovation Sciences incorporates paragraphs 1 through 7 herein by reference.

39.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

40.     Virginia Innovation Sciences is the owner of the '711 patent, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information From Wireless Communication Networks," with ownership of all substantial rights in the '711 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '711 patent is attached as Exhibit B.

41.     The '711 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

42.     Defendants have directly infringed, and continue to directly infringe, one or more claims of the '711 patent in this judicial district and elsewhere in Virginia and the United States.

43.     In particular, Defendants are infringing at least claims 1, 2, 4, 6-9, 11, 13-16, 18, 20, and 21, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDMI Smart Adapter. Such phones include, but are not limited to, the Galaxy Note, the Galaxy S2, the Infuse, and the Captivate. Defendants are liable for these direct infringements of the '711 patent pursuant to 35 U.S.C. § 271.

44.     Defendants have directly infringed, and continue to directly infringe, one or more claims of the '711 patent in this judicial district and elsewhere in Virginia and the United States.

In particular, Defendants are infringing at least claims 1, 2, 4, 6-9, 11, 13-16, 18, 20, and 21, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDTV Adapter. Such phones include, but are not limited to, the Galaxy S3. Defendants are liable for these direct infringements of the '711 patent pursuant to 35 U.S.C. § 271.

45.    Further, Defendants have directly infringed, and continue to directly infringe, at least claims 1, 2, 4, 6-9, 11, 13-16, 18, 20, and 21, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with docking stations. Such phones include, but are not limited to, the Galaxy Nexus. Such docking stations include, but are not limited to, the Galaxy Nexus i515 Multimedia Dock. Defendants are liable for these direct infringements of the '711 patent pursuant to 35 U.S.C. § 271.

46.    Defendants have directly infringed, and continue to directly infringe, at least claims 1, 2, 6-9, 13-16, 20, and 21, by, among other things, making, using, offering for sale, selling, and/or importing smartphones utilizing DLNA, MHL, and/or the Samsung AllShare software. Such phones include, but are not limited to, the Galaxy Note, the Droid Charge Smartphone, the Galaxy Proclaim, the Galaxy S Aviator, the Galaxy S 4G, the Samsung Captivate, the Samsung Captivate Glide, the Samsung Epic 4G, the Samsung Exhibit II 4G, the Samsung Exhibit 4G, the Samsung Fascinate, the Samsung Galaxy Appeal, the Samsung Galaxy Attain 4G, the Samsung Galaxy Exhilarate, the Samsung Galaxy Indulge, the Samsung Galaxy Note, the Samsung Galaxy S Blaze 4G, the Samsung Galaxy S III, the Samsung Galaxy S II Skyrocket, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Gravity Smart, the Samsung Illusion, the Samsung Indulge, the Samsung Infuse, the Samsung Mesmerize, the Samsung Rugby Smart, the Samsung Showcase, the Samsung Showcase i500,

the Samsung Stratosphere, the Samsung Vibrant, and the T-Mobile Sidekick 4G.  Defendants are liable for these direct infringements of the '711 patent pursuant to 35 U.S.C. § 271.

47.     Defendants have directly infringed, and continue to directly infringe, at least claims 1, 3, 4, 6-8, 10, 11, 13-15, 17, 18, 20, and 21, by, among other things, making, using, offering for sale, selling, and/or importing tablets that are capable of operating in conjunction with the Samsung Galaxy Tab HDTV Adapter.  Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock. Defendants are liable for these direct infringements of the '711 patent pursuant to 35 U.S.C. § 271.

48.     Defendants have directly infringed, and continue to directly infringe, at least claims 1, 3, 6-8, 10, 13-15, 17, 20, and 21, by, among other things, making, using, offering for sale, selling, and/or importing tablets utilizing DLNA, MHL, and/or the Samsung AllShare software.  Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.  Defendants are liable for these direct infringements of the '711 patent pursuant to 35 U.S.C. § 271.

49.     Defendants have directly infringed, and continue to directly infringe, at least claims 4 and 18, by, among other things, making, using, offering for sale, selling, and/or importing Wi-Fi enabled Blu-ray players having a high definition output.  Such devices include, but are not limited to, the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.  Defendants are liable for these direct infringements of the '711 patent pursuant to 35 U.S.C. § 271.

50.     Defendants have directly infringed, and continue to directly infringe, at least claims 4 and 18, by, among other things, making, using, offering for sale, selling, and/or importing wireless multimedia hubs. Such devices include, but are not limited to, the "AllShare Cast Wireless HUB." Defendants are liable for these direct infringements of the '711 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

51.     Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '711 patent by inducing direct infringement by users who use the Samsung HDMI Smart Adapter in conjunction with the Galaxy Note, the Galaxy S2, the Infuse, and/or the Captivate.

52.     Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '711 patent by inducing direct infringement by users who use the Samsung HDTV Adapter in conjunction with the Galaxy S3.

53.     Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '711 patent by inducing direct infringement by users who use the Galaxy Nexus i515 Multimedia Dock in conjunction with the Galaxy Nexus.

54.     Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences

contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '711 patent by inducing direct infringement by users who use utilizing DLNA, MHL, and/or the Samsung AllShare software on Samsung smartphones. Such phones include, but are not limited to, the Galaxy Note, the Droid Charge Smartphone, the Galaxy Proclaim, the Galaxy S Aviator, the Galaxy S 4G, the Samsung Captivate, the Samsung Captivate Glide, the Samsung Epic 4G, the Samsung Exhibit II 4G, the Samsung Exhibit 4G, the Samsung Fascinate, the Samsung Galaxy Appeal, the Samsung Galaxy Attain 4G, the Samsung Galaxy Exhilarate, the Samsung Galaxy Indulge, the Samsung Galaxy Note, the Samsung Galaxy S Blaze 4G, the Samsung Galaxy S III, the Samsung Galaxy S II Skyrocket, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Gravity Smart, the Samsung Illusion, the Samsung Indulge, the Samsung Infuse, the Samsung Mesmerize, the Samsung Rugby Smart, the Samsung Showcase, the Samsung Showcase i500, the Samsung Stratosphere, the Samsung Vibrant, and the T-Mobile Sidekick 4G.

55. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '711 patent by inducing direct infringement by users who use the Samsung Galaxy Tab HDTV Adapter in conjunction with Samsung tablets. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.

56. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or

more claims of the '711 patent by inducing direct infringement by users who use utilizing DLNA, MHL, and/or the Samsung AllShare software on Samsung tablets. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.

57. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, the '711 patent by inducing customers to directly infringe one or more claims of the '711 patent by utilizing Samsung Wi-Fi enabled Blu-ray players having a high definition output to wirelessly receive content and then transmit the content to an alternative display over high definition. Such devices include, but are not limited to, the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.

58. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, the '711 patent by inducing customers to directly infringe one or more claims of the '711 patent by utilizing wireless multimedia hubs to wirelessly receive content and then transmit the content to an alternative display over high definition. Such devices include, but are not limited to, the "AllShare Cast Wireless HUB."

59. Defendants have had knowledge of the '711 patent and the infringing nature of their activities at least since Virginia Innovation Sciences effected service of this Original Complaint.

60.     On information and belief, despite having knowledge of the '711 patent, Defendants have specifically intended for persons who acquire and use the accused Samsung products, including, but not limited to, smartphones, tablets, multimedia docking stations, Wi-Fi enabled Blu-ray players, and wireless multimedia hubs, including Defendants' customers, to acquire and use such devices in such a way that infringes the '711 patent, including at least claims 1-4, 6-11, 13-18, 20, and 21, and Defendants knew or should have known that their actions were inducing infringement.

61.     Specifically, Defendants instruct users of the AllShare software located on Samsung DLNA and/or MHL compliant smartphones, such as those identified in this Count, to use the software in a manner that infringes the '711 patent. *See, e.g.*, http://www.samsung.com/ global/allshare/pcsw/     and     http://support-us.samsung.com/cyber/popup/iframe/pop_trouble shooting_fr.jsp?idx=167364&modelname=LN40C650L1F&modelcode&session_id.

62.     Further, Defendants instruct users to use the Samsung HDMI Smart Adapter in a manner that infringes the '711 patent by providing an instruction and/or user manual with the Samsung HDMI Smart Adapter.  Defendants instruct users to use the Samsung HDTV Adapter in a manner that infringes the '711 patent by providing an instruction and/or user manual with the Samsung HDTV Adapter.   And Defendants instruct users to use the Samsung Galaxy Tab HDTV Adapter in a manner that infringes the '711 patent by providing an instruction and/or user manual with the Samsung Galaxy Tab HDTV Adapter.

63.     Further, Defendants instruct users to use Samsung Wi-Fi enabled Blu-ray players having a high definition output in a manner that infringes the '711 patent by providing an instruction and/or user manual with the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.

64.     Further, Defendants instruct users to use the wireless multimedia hubs in a manner that infringes the '711 patent by providing an instruction and/or user manual with the "AllShare Cast Wireless HUB."

65.     Based on the information presently available to Virginia Innovation Sciences, Defendants have neither relied on an opinion of counsel related to the '711 patent, nor have they produced evidence as to any investigation of patent enforceability or validity. In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

66.     Furthermore, Defendants have not implemented a design around or otherwise taken any remedial action with respect to the '711 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

67.     Virginia Innovation Sciences has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Virginia Innovation Sciences in an amount that adequately compensates Virginia Innovation Sciences for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

## (INFRINGEMENT OF U.S. PATENT NO. 8,145,268)

68.     Virginia Innovation Sciences incorporates paragraphs 1 through 7 herein by reference.

69.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

70. Virginia Innovation Sciences is the owner of the '268 patent, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information From Wireless Communication Networks," with ownership of all substantial rights in the '268 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '268 patent is attached as Exhibit C.

71. The '268 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

72. Defendants have directly infringed, and continue to directly infringe, one or more claims of the '268 patent in this judicial district and elsewhere in Virginia and the United States.

73. In particular, Defendants are infringing at least claims 4, 6, 10, 14, 16, 20, 24, 25, and 29, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDMI Smart Adapter. Such phones include, but are not limited to, the Galaxy Note, the Galaxy S2, the Infuse, and the Captivate. Defendants are liable for these direct infringements of the '268 patent pursuant to 35 U.S.C. § 271.

74. Defendants have directly infringed, and continue to directly infringe, one or more claims of the '268 patent in this judicial district and elsewhere in Virginia and the United States. In particular, Defendants are infringing at least claims 4, 6, 10, 14, 16, 20, 24, 25, and 29, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDTV Adapter. Such phones include, but are not limited to, the Galaxy S3. Defendants are liable for these direct infringements of the '268 patent pursuant to 35 U.S.C. § 271.

75.    Further, Defendants have directly infringed, and continue to directly infringe, at least claims 4, 6, 10, 14, 16, 20, 24, 25, and 29, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with docking stations. Such phones include, but are not limited to, the Galaxy Nexus. Such docking stations include, but are not limited to, the Galaxy Nexus i515 Multimedia Dock. Defendants are liable for these direct infringements of the '268 patent pursuant to 35 U.S.C. § 271.

76.    Defendants have directly infringed, and continue to directly infringe, at least claims 6, 9, 16, 19, 25, and 28, by, among other things, making, using, offering for sale, selling, and/or importing smartphones utilizing DLNA, MHL, and/or the Samsung AllShare software. Such phones include, but are not limited to, the Galaxy Note, the Droid Charge Smartphone, the Galaxy Proclaim, the Galaxy S Aviator, the Galaxy S 4G, the Samsung Captivate, the Samsung Captivate Glide, the Samsung Epic 4G, the Samsung Exhibit II 4G, the Samsung Exhibit 4G, the Samsung Fascinate, the Samsung Galaxy Appeal, the Samsung Galaxy Attain 4G, the Samsung Galaxy Exhilarate, the Samsung Galaxy Indulge, the Samsung Galaxy Note, the Samsung Galaxy S Blaze 4G, the Samsung Galaxy S III, the Samsung Galaxy S II Skyrocket, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Gravity Smart, the Samsung Illusion, the Samsung Indulge, the Samsung Infuse, the Samsung Mesmerize, the Samsung Rugby Smart, the Samsung Showcase, the Samsung Showcase i500, the Samsung Stratosphere, the Samsung Vibrant, and the T-Mobile Sidekick 4G. Defendants are liable for these direct infringements of the '268 patent pursuant to 35 U.S.C. § 271.

77.    Defendants have directly infringed, and continue to directly infringe, at least claims 4, 6, 10, 14, 16, 20, 24, 25, and 29, by, among other things, making, using, offering for sale, selling, and/or importing tablets that are capable of operating in conjunction with the Samsung Galaxy Tab HDTV Adapter. Such tablets include, but are not limited to, the Galaxy

Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock. Defendants are liable for these direct infringements of the '268 patent pursuant to 35 U.S.C. § 271.

78.    Defendants have directly infringed, and continue to directly infringe, at least claims 6, 9, 16, 19, 25, and 28, by, among other things, making, using, offering for sale, selling, and/or importing tablets utilizing DLNA, MHL, and/or the Samsung AllShare software. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock. Defendants are liable for these direct infringements of the '268 patent pursuant to 35 U.S.C. § 271.

79.    Defendants have directly infringed, and continue to directly infringe, at least claims 6, 10, 16, 20, and 25, by, among other things, making, using, offering for sale, selling, and/or importing Wi-Fi enabled Blu-ray players having a high definition output. Such devices include, but are not limited to, the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000. Defendants are liable for these direct infringements of the □268 patent pursuant to 35 U.S.C. § 271.

80.    Defendants have directly infringed, and continue to directly infringe, at least claims 6, 10, 16, 20, and 25, by, among other things, making, using, offering for sale, selling, and/or importing wireless multimedia hubs. Such devices include, but are not limited to, the "AllShare Cast Wireless HUB." Defendants are liable for these direct infringements of the '268 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

81.    Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences

contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '268 patent by inducing direct infringement by users who use the Samsung HDMI Smart Adapter in conjunction with the Galaxy Note, the Galaxy S2, the Infuse, and/or the Captivate.

82.    Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '268 patent by inducing direct infringement by users who use the Samsung HDTV Adapter in conjunction with the Galaxy S3.

83.    Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '268 patent by inducing direct infringement by users who use the Galaxy Nexus i515 Multimedia Dock in conjunction with the Galaxy Nexus.

84.    Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '268 patent by inducing direct infringement by users who use utilizing DLNA, MHL, and/or the Samsung AllShare software on Samsung smartphones. Such phones include, but are not limited to, the Galaxy Note, the Droid Charge Smartphone, the Galaxy Proclaim, the Galaxy S Aviator, the Galaxy S 4G, the Samsung Captivate, the Samsung Captivate Glide, the Samsung Epic 4G, the Samsung Exhibit II 4G, the Samsung Exhibit 4G, the Samsung Fascinate, the Samsung Galaxy Appeal, the Samsung Galaxy Attain 4G, the Samsung Galaxy Exhilarate, the Samsung Galaxy Indulge, the Samsung Galaxy Note, the Samsung

Galaxy S Blaze 4G, the Samsung Galaxy S III, the Samsung Galaxy S II Skyrocket, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Gravity Smart, the Samsung Illusion, the Samsung Indulge, the Samsung Infuse, the Samsung Mesmerize, the Samsung Rugby Smart, the Samsung Showcase, the Samsung Showcase i500, the Samsung Stratosphere, the Samsung Vibrant, and the T-Mobile Sidekick 4G.

85.     Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '268 patent by inducing direct infringement by users who use the Samsung Galaxy Tab HDTV Adapter in conjunction with Samsung tablets.  Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.

86.     Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '268 patent by inducing direct infringement by users who use utilizing DLNA, MHL, and/or the Samsung AllShare software on Samsung tablets.  Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.

87.     Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, the '268

patent by inducing customers to directly infringe one or more claims of the '268 patent by utilizing Samsung Wi-Fi enabled Blu-ray players having a high definition output to wirelessly receive content and then transmit the content to an alternative display over high definition. Such devices include, but are not limited to, the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.

88.   Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, the '268 patent by inducing customers to directly infringe one or more claims of the '268 patent by utilizing wireless multimedia hubs to wirelessly receive content and then transmit the content to an alternative display over high definition. Such devices include, but are not limited to, the "AllShare Cast Wireless HUB."

89.   Defendants have had knowledge of the '268 patent and the infringing nature of their activities at least since Virginia Innovation Sciences effected service of this Original Complaint.

90.   On information and belief, despite having knowledge of the '268 patent, Defendants have specifically intended for persons who acquire and use the accused Samsung products, including, but not limited to, smartphones, tablets, multimedia docking stations, Wi-Fi enabled Blu-ray players, and wireless multimedia hubs, including Defendants' customers, to acquire and use such devices in such a way that infringes the '268 patent, including at least claims 4, 6, 9, 10, 14, 16, 19, 20, 24, 25, 28, and 29, and Defendants knew or should have known that their actions were inducing infringement.

91.   Specifically, Defendants instruct users of the AllShare software located on Samsung DLNA and/or MHL compliant smartphones, such as those identified in this Count, to

use the software in a manner that infringes the '268 patent. See, e.g., http://www.samsung.com/global/allshare/pcsw/ and http://support-us.samsung.com/cyber/popup/iframe/pop_troubleshooting_fr.jsp?idx=167364&modelname=LN40C650L1F&modelcode&session_id.

92.     Further, Defendants instruct users to use the Samsung HDMI Smart Adapter in a manner that infringes the '268 patent by providing an instruction and/or user manual with the Samsung HDMI Smart Adapter. Defendants instruct users to use the Samsung HDTV Adapter in a manner that infringes the '268 patent by providing an instruction and/or user manual with the Samsung HDTV Adapter. And Defendants instruct users to use the Samsung Galaxy Tab HDTV Adapter in a manner that infringes the '268 patent by providing an instruction and/or user manual with the Samsung Galaxy Tab HDTV Adapter.

93.     Further, Defendants instruct users to use Samsung Wi-Fi enabled Blu-ray players having a high definition output in a manner that infringes the '268 patent by providing an instruction and/or user manual with the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.

94.     Further, Defendants instruct users to use the wireless multimedia hubs in a manner that infringes the '268 patent by providing an instruction and/or user manual with the "AllShare Cast Wireless HUB."

95.     Based on the information presently available to Virginia Innovation Sciences, Defendants have neither relied on an opinion of counsel related to the '268 patent, nor have they produced evidence as to any investigation of patent enforceability or validity. In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

96.     Furthermore, Defendants have not implemented a design around or otherwise taken any remedial action with respect to the '268 patent. In accordance with Fed. R. Civ. P.

25

11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

97.     Virginia Innovation Sciences has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Virginia Innovation Sciences in an amount that adequately compensates Virginia Innovation Sciences for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 8,224,381)

98.     Virginia Innovation Sciences incorporates paragraphs 1 through 7 herein by reference.

99.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

100.     Virginia Innovation Sciences is the owner of the '381 patent, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information From Wireless Communication Networks," with ownership of all substantial rights in the '381 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '381 patent is attached as Exhibit D.

101.     The '381 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

102.     Defendants have directly infringed, and continue to directly infringe, one or more claims of the '381 patent in this judicial district and elsewhere in Virginia and the United States.

103. In particular, Defendants are infringing at least claims 2, 4, 6-8, 10, 12-14, 16-18, 20, 22, 24-26, 29-32, 34, 36-39, and 42-47, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDMI Smart Adapter. Such phones include, but are not limited to, the Galaxy Note, the Galaxy S2, the Infuse, and the Captivate. Defendants are liable for these direct infringements of the '381 patent pursuant to 35 U.S.C. § 271.

104. Defendants have directly infringed, and continue to directly infringe, one or more claims of the '381 patent in this judicial district and elsewhere in Virginia and the United States. In particular, Defendants are infringing at least claims 2, 4, 6-8, 10, 12-14, 16-18, 20, 22, 24-26, 29-32, 34, 36-39, and 42-47, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDTV Adapter. Such phones include, but are not limited to, the Galaxy S3. Defendants are liable for these direct infringements of the '381 patent pursuant to 35 U.S.C. § 271.

105. Further, Defendants have directly infringed, and continue to directly infringe, at least claims 2, 4, 6-8, 10, 12-14, 16-18, 20, 22, 24-26, 29-32, 34, 36-39, and 42-47, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with docking stations. Such phones include, but are not limited to, the Galaxy Nexus. Such docking stations include, but are not limited to, the Galaxy Nexus i515 Multimedia Dock. Defendants are liable for these direct infringements of the '381 patent pursuant to 35 U.S.C. § 271.

106. Defendants have directly infringed, and continue to directly infringe, at least claims 3, 4, 6-8, 10, 12-14, 16-18, 21, 22, 24-26, 29-32, 35-39, and 42-47, by, among other things, making, using, offering for sale, selling, and/or importing tablets that are capable of operating in conjunction with the Samsung Galaxy Tab HDTV Adapter. Such tablets include,

27

but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock. Defendants are liable for these direct infringements of the '381 patent pursuant to 35 U.S.C. § 271.

107. Defendants have directly infringed, and continue to directly infringe, at least claims 4, 6, 10, 24, 37 and 44, by, among other things, making, using, offering for sale, selling, and/or importing Wi-Fi enabled Blu-ray players having a high definition output. Such devices include, but are not limited to, the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000. Defendants are liable for these direct infringements of the '381 patent pursuant to 35 U.S.C. § 271.

108. Defendants have directly infringed, and continue to directly infringe, at least claims 4, 6, 10, 24, 37 and 44, by, among other things, making, using, offering for sale, selling, and/or importing wireless multimedia hubs. Such devices include, but are not limited to, the "AllShare Cast Wireless HUB." Defendants are liable for these direct infringements of the '381 patent pursuant to 35 U.S.C. § 271.

### INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

109. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '381 patent by inducing direct infringement by users who use the Samsung HDMI Smart Adapter in conjunction with the Galaxy Note, the Galaxy S2, the Infuse, and/or the Captivate.

110. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences

28

contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '381 patent by inducing direct infringement by users who use the Samsung HDTV Adapter in conjunction with the Galaxy S3.

111. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '381 patent by inducing direct infringement by users who use the Galaxy Nexus i515 Multimedia Dock in conjunction with the Galaxy Nexus.

112. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '381 patent by inducing direct infringement by users who use the Samsung Galaxy Tab HDTV Adapter in conjunction with Samsung tablets. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.

113. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, the '381 patent by inducing customers to directly infringe one or more claims of the '381 patent by utilizing Samsung Wi-Fi enabled Blu-ray players having a high definition output to wirelessly receive content and then transmit the content to an alternative display over high definition. Such devices include, but are not limited to, the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.

29

114. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, the '381 patent by inducing customers to directly infringe one or more claims of the '381 patent by utilizing wireless multimedia hubs to wirelessly receive content and then transmit the content to an alternative display over high definition. Such devices include, but are not limited to, the "AllShare Cast Wireless HUB."

115. Defendants have had knowledge of the '381 patent and the infringing nature of their activities at least since Virginia Innovation Sciences effected service of this Original Complaint.

116. On information and belief, despite having knowledge of the '381 patent, Defendants have specifically intended for persons who acquire and use the accused Samsung products, including, but not limited to, smartphones, tablets, multimedia docking stations, Wi-Fi enabled Blu-ray players, and wireless multimedia hubs, including Defendants' customers, to acquire and use such devices in such a way that infringes the '381 patent, including at least claims 2-4, 6-8, 10, 12-14, 16-18, 20-22, 24-26, 29-32, 34-39, and 42-47, and Defendants knew or should have known that their actions were inducing infringement.

117. Further, Defendants instruct users to use the Samsung HDMI Smart Adapter in a manner that infringes the '381 patent by providing an instruction and/or user manual with the Samsung HDMI Smart Adapter. Defendants instruct users to use the Samsung HDTV Adapter in a manner that infringes the '381 patent by providing an instruction and/or user manual with the Samsung HDTV Adapter. And Defendants instruct users to use the Samsung Galaxy Tab HDTV Adapter in a manner that infringes the '381 patent by providing an instruction and/or user manual with the Samsung Galaxy Tab HDTV Adapter.

30

118.   Further, Defendants instruct users to use Samsung Wi-Fi enabled Blu-ray players having a high definition output in a manner that infringes the '381 patent by providing an instruction and/or user manual with the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.

119.   Further, Defendants instruct users to use the wireless multimedia hubs in a manner that infringes the '381 patent by providing an instruction and/or user manual with the "AllShare Cast Wireless HUB."

120.   Based on the information presently available to Virginia Innovation Sciences, Defendants have neither relied on an opinion of counsel related to the '381 patent, nor have they produced evidence as to any investigation of patent enforceability or validity.  In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

121.   Furthermore, Defendants have not implemented a design around or otherwise taken any remedial action with respect to the '381 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

122.   Virginia Innovation Sciences has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to Virginia Innovation Sciences in an amount that adequately compensates Virginia Innovation Sciences for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31

## COUNT V

## (INFRINGEMENT OF U.S. PATENT NO. 7,957,733)

123. Virginia Innovation Sciences incorporates paragraphs 1 through 7 herein by reference.

124. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

125. Virginia Innovation Sciences is the owner of the '733 patent, entitled "Methods and Apparatus for Multimedia Communications with Different User Terminals," with ownership of all substantial rights in the '733 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '733 patent is attached as Exhibit E.

126. The '733 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

127. Defendants have directly infringed, and continue to directly infringe, one or more claims of the '733 patent in this judicial district and elsewhere in Virginia and the United States.

128. In particular, Defendants are infringing at least claims 4, 6, 10, 43, 45, and 49, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDMI Smart Adapter. Such phones include, but are not limited to, the Galaxy Note, the Galaxy S2, the Infuse, and the Captivate. Defendants are liable for these direct infringements of the '733 patent pursuant to 35 U.S.C. § 271.

129. Defendants have directly infringed, and continue to directly infringe, one or more claims of the '733 patent in this judicial district and elsewhere in Virginia and the United States.

In particular, Defendants are infringing at least claims 4, 6, 10, 43, 45, and 49, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDTV Adapter. Such phones include, but are not limited to, the Galaxy S3. Defendants are liable for these direct infringements of the □733 patent pursuant to 35 U.S.C. § 271.

130.   Further, Defendants have directly infringed, and continue to directly infringe, at least claims 4, 6, 10, 43, 45, and 49, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with docking stations. Such phones include, but are not limited to, the Galaxy Nexus. Such docking stations include, but are not limited to, the Galaxy Nexus i515 Multimedia Dock. Defendants are liable for these direct infringements of the □733 patent pursuant to 35 U.S.C. § 271

131.   Defendants have directly infringed, and continue to directly infringe, at least claims 4, 6, 10, 43, 45, and 49, by, among other things, making, using, offering for sale, selling, and/or importing tablets that are capable of operating in conjunction with the Samsung HDTV Adapter. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, the Galaxy Tab 10.1, and the Galaxy Tab 2 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock. Defendants are liable for these direct infringements of the '733 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

132.   Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '733 patent by inducing direct infringement by users who use the Samsung

HDMI Smart Adapter in conjunction with the Galaxy Note, the Galaxy S2, the Infuse, and/or the Captivate.

133. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '733 patent by inducing direct infringement by users who use the Samsung HDTV Adapter in conjunction with the Galaxy S3.

134. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '733 patent by inducing direct infringement by users who use the Galaxy Nexus i515 Multimedia Dock in conjunction with the Galaxy Nexus.

135. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '733 patent by inducing direct infringement by users who use the Samsung Galaxy Tab HDTV Adapter in conjunction with Samsung tablets. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.

136. Defendants have had knowledge of the '733 patent and the infringing nature of their activities at least since Virginia Innovation Sciences effected service of this Original Complaint.

34

137. On information and belief, despite having knowledge of the '733 patent, Defendants have specifically intended for persons who acquire and use the accused Samsung products, including, but not limited to, smartphones, tablets, and multimedia docking stations, including Defendants' customers, to acquire and use such devices in such a way that infringes the '733 patent, including at least claims 4, 6, 10, 43, 45, and 49, and Defendants knew or should have known that their actions were inducing infringement.

138. Specifically, Defendants instruct users to use the Samsung HDMI Smart Adapter in a manner that infringes the '733 patent by providing an instruction and/or user manual with the Samsung HDMI Smart Adapter. Defendants instruct users to use the Samsung HDTV Adapter in a manner that infringes the '733 patent by providing an instruction and/or user manual with the Samsung HDTV Adapter. And Defendants instruct users to use the Samsung Galaxy Tab HDTV Adapter in a manner that infringes the '733 patent by providing an instruction and/or user manual with the Samsung Galaxy Tab HDTV Adapter.

139. Based on the information presently available to Virginia Innovation Sciences, Defendants have neither relied on an opinion of counsel related to the '733 patent, nor have they produced evidence as to any investigation of patent enforceability or validity. In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

140. Furthermore, Defendants have not implemented a design around or otherwise taken any remedial action with respect to the '733 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

141. Virginia Innovation Sciences has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Virginia Innovation

35

Sciences in an amount that adequately compensates Virginia Innovation Sciences for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI

### (INFRINGEMENT OF U.S. PATENT NO. 8,135,398)

142.    Virginia Innovation Sciences incorporates paragraphs 1 through 7 herein by reference.

143.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

144.    Virginia Innovation Sciences is the owner of the '398 patent, entitled "Methods and Apparatus for Multimedia Communications with Different User Terminals," with ownership of all substantial rights in the '398 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '398 patent is attached as Exhibit F.

145.    The '398 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

146.    Defendants have directly infringed, and continue to directly infringe, one or more claims of the '398 patent in this judicial district and elsewhere in Virginia and the United States.

147.    In particular, Defendants are infringing at least claims 1-3, 5, 8, 14-17, 19-28, and 31-65, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDMI Smart Adapter. Such phones include, but are not limited to, the Galaxy Note, the Galaxy S2, the

36

Infuse, and the Captivate. Defendants are liable for these direct infringements of the '398 patent pursuant to 35 U.S.C. § 271.

148.   Defendants have directly infringed, and continue to directly infringe, one or more claims of the '398 patent in this judicial district and elsewhere in Virginia and the United States. In particular, Defendants are infringing at least claims 1-3, 5, 8, 14-17, 19-28, and 31-65, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with the Samsung HDTV Adapter. Such phones include, but are not limited to, the Galaxy S3. Defendants are liable for these direct infringements of the '398 patent pursuant to 35 U.S.C. § 271.

149.   Further, Defendants have directly infringed, and continue to directly infringe, at least claims 1-3, 5, 8, 14-17, 19-28, and 31-65, by, among other things, making, using, offering for sale, selling, and/or importing smartphones that are capable of operating in conjunction with docking stations. Such phones include, but are not limited to, the Galaxy Nexus. Such docking stations include, but are not limited to, the Galaxy Nexus i515 Multimedia Dock. Defendants are liable for these direct infringements of the '398 patent pursuant to 35 U.S.C. § 271.

150.   Defendants have directly infringed, and continue to directly infringe, at least claims 1-4, 8, 9, 14-16, 18-23, 25, 27, 28, 31-33, 36-39, 41, 42, 44-47, 49, 51-53, 55-57, 59-62, 64, and 65, by, among other things, making, using, offering for sale, selling, and/or importing smartphones utilizing DLNA, MHL, and/or the Samsung AllShare software. Such phones include, but are not limited to, the Galaxy Note, the Droid Charge Smartphone, the Galaxy Proclaim, the Galaxy S Aviator, the Galaxy S 4G, the Samsung Captivate, the Samsung Captivate Glide, the Samsung Epic 4G, the Samsung Exhibit II 4G, the Samsung Exhibit 4G, the Samsung Fascinate, the Samsung Galaxy Appeal, the Samsung Galaxy Attain 4G, the Samsung Galaxy Exhilarate, the Samsung Galaxy Indulge, the Samsung Galaxy Note, the Samsung

Galaxy S Blaze 4G, the Samsung Galaxy S III, the Samsung Galaxy S II Skyrocket, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Gravity Smart, the Samsung Illusion, the Samsung Indulge, the Samsung Infuse, the Samsung Mesmerize, the Samsung Rugby Smart, the Samsung Showcase, the Samsung Showcase i500, the Samsung Stratosphere, the Samsung Vibrant, and the T-Mobile Sidekick 4G.  Defendants are liable for these direct infringements of the '398 patent pursuant to 35 U.S.C. § 271.

151.    Defendants have directly infringed, and continue to directly infringe, at least claims 1-3, 5, 8, 14, 15, 20, 21, 27, 28, 33-35, 37, 38, 40, 41, 46, 51, 52, 54-56, 58, 59, 61, and 64, by, among other things, making, using, offering for sale, selling, and/or importing tablets that are capable of operating in conjunction with the Samsung Galaxy Tab HDTV Adapter.  Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.  Defendants are liable for these direct infringements of the '398 patent pursuant to 35 U.S.C. § 271.

152.    Defendants have directly infringed, and continue to directly infringe, at least claims 1-4, 8, 9, 14, 15, 20, 21, 27, 28, 32, 33, 36-39, 41, 44, 46, 47, 49, 51, 52, 55-57, 59, 61, 62, and 64, by, among other things, making, using, offering for sale, selling, and/or importing tablets utilizing DLNA, MHL, and/or the Samsung AllShare software.  Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.  Defendants are liable for these direct infringements of the '398 patent pursuant to 35 U.S.C. § 271.

153.    Defendants have directly infringed, and continue to directly infringe, at least claims 5, 17, 24, 34, 35, 40, 43, 48, 58, 63, 73, 82, and 91, by, among other things, making,

38

using, offering for sale, selling, and/or importing Wi-Fi enabled Blu-ray players having a high definition output. Such devices include, but are not limited to, the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000. Defendants are liable for these direct infringements of the '398 patent pursuant to 35 U.S.C. § 271.

154.    Defendants have directly infringed, and continue to directly infringe, at least claims 5, 17, 24, 34, 35, 40, 43, 48, 58, and 63, by, among other things, making, using, offering for sale, selling, and/or importing wireless multimedia hubs. Such devices include, but are not limited to, the "AllShare Cast Wireless HUB." Defendants are liable for these direct infringements of the '398 patent pursuant to 35 U.S.C. § 271.

### INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

155.    Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '398 patent by inducing direct infringement by users who use the Samsung HDMI Smart Adapter in conjunction with the Galaxy Note, the Galaxy S2, the Infuse, and/or the Captivate.

156.    Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '398 patent by inducing direct infringement by users who use the Samsung HDTV Adapter in conjunction with the Galaxy S3.

157.    Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or

more claims of the '398 patent by inducing direct infringement by users who use the Galaxy Nexus i515 Multimedia Dock in conjunction with the Galaxy Nexus.

158. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '398 patent by inducing direct infringement by users who use utilizing DLNA, MHL, and/or the Samsung AllShare software on Samsung smartphones. Such phones include, but are not limited to, the Galaxy Note, the Droid Charge Smartphone, the Galaxy Proclaim, the Galaxy S Aviator, the Galaxy S 4G, the Samsung Captivate, the Samsung Captivate Glide, the Samsung Epic 4G, the Samsung Exhibit II 4G, the Samsung Exhibit 4G, the Samsung Fascinate, the Samsung Galaxy Appeal, the Samsung Galaxy Attain 4G, the Samsung Galaxy Exhilarate, the Samsung Galaxy Indulge, the Samsung Galaxy Note, the Samsung Galaxy S Blaze 4G, the Samsung Galaxy S III, the Samsung Galaxy S II Skyrocket, the Samsung Galaxy S II, the Samsung Galaxy S II Epic 4G Touch, the Samsung Gravity Smart, the Samsung Illusion, the Samsung Indulge, the Samsung Infuse, the Samsung Mesmerize, the Samsung Rugby Smart, the Samsung Showcase, the Samsung Showcase i500, the Samsung Stratosphere, the Samsung Vibrant, and the T-Mobile Sidekick 4G.

159. Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '398 patent by inducing direct infringement by users who use the Samsung Galaxy Tab HDTV Adapter in conjunction with Samsung tablets. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy

Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.

160.    Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, one or more claims of the '398 patent by inducing direct infringement by users who use utilizing DLNA, MHL, and/or the Samsung AllShare software on Samsung tablets. Such tablets include, but are not limited to, the Galaxy Tab 7.0 Plus, the Galaxy Tab 7.7, the Galaxy Tab 8.9, and the Galaxy Tab 10.1, including configurations where Galaxy Tab 10.1 is connected to the 10.1 Multimedia Dock.

161.    Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, the '398 patent by inducing customers to directly infringe one or more claims of the '398 patent by utilizing Samsung Wi-Fi enabled Blu-ray players having a high definition output to wirelessly receive content and then transmit the content to an alternative display over high definition. Such devices include, but are not limited to, the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.

162.    Based on the information presently available to Virginia Innovation Sciences, absent discovery, and in the alternative to direct infringement, Virginia Innovation Sciences contends that Defendants have indirectly infringed, and continue to indirectly infringe, the '398 patent by inducing customers to directly infringe one or more claims of the '398 patent by utilizing wireless multimedia hubs to wirelessly receive content and then transmit the content to

an alternative display over high definition.  Such devices include, but are not limited to, the "AllShare Cast Wireless HUB."

163.    Defendants have had knowledge of the '398 patent and the infringing nature of their activities at least since Virginia Innovation Sciences effected service of this Original Complaint.

164.    On information and belief, despite having knowledge of the '398 patent, Defendants have specifically intended for persons who acquire and use the accused Samsung products, including, but not limited to, smartphones, tablets, multimedia docking stations, Wi-Fi enabled Blu-ray players, and wireless multimedia hubs, including Defendants' customers, to acquire and use such devices in such a way that infringes the '398 patent, including at least claims 1-5, 8, 9, 14-28, 31-65, 73, 82, and 91, and Defendants knew or should have known that their actions were inducing infringement.

165.    Specifically, Defendants instruct users of the AllShare software located on Samsung DLNA and/or MHL compliant smartphones, such as those identified in this Count, to use the software in a manner that infringes the '398 patent.  See, e.g., http://www.samsung.com/ global/allshare/pcsw/    and    http://support-us.samsung.com/cyber/popup/iframe/pop_trouble shooting_fr.jsp?idx=167364&modelname=LN40C650L1F&modelcode&session_id.

166.    Further, Defendants instruct users to use the Samsung HDMI Smart Adapter in a manner that infringes the '398 patent by providing an instruction and/or user manual with the Samsung HDMI Smart Adapter.  Defendants instruct users to use the Samsung HDTV Adapter in a manner that infringes the '398 patent by providing an instruction and/or user manual with the Samsung HDTV Adapter.   And Defendants instruct users to use the Samsung Galaxy Tab HDTV Adapter in a manner that infringes the '398 patent by providing an instruction and/or user manual with the Samsung Galaxy Tab HDTV Adapter.

167. Further, Defendants instruct users to use Samsung Wi-Fi enabled Blu-ray players having a high definition output in a manner that infringes the '398 patent by providing an instruction and/or user manual with the BD-E5700, the BD-E5900, the BD-E6500, the BD-EM57C, the BD-EM59C, and the BD-ES6000.

168. Further, Defendants instruct users to use the wireless multimedia hubs in a manner that infringes the '398 patent by providing an instruction and/or user manual with the "AllShare Cast Wireless HUB."

169. Based on the information presently available to Virginia Innovation Sciences, Defendants have neither relied on an opinion of counsel related to the '398 patent, nor have they produced evidence as to any investigation of patent enforceability or validity. In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

170. Furthermore, Defendants have not implemented a design around or otherwise taken any remedial action with respect to the '398 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Virginia Innovation Sciences will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

171. Virginia Innovation Sciences has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Virginia Innovation Sciences in an amount that adequately compensates Virginia Innovation Sciences for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Virginia Innovation Sciences requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Virginia Innovation Sciences asks that the Court find in its favor and against Defendants, and that the Court grant Virginia Innovation Sciences the following relief:

a.  Judgment that one or more claims of the '492 patent, the '711 patent, the '268 patent, the '381 patent, the '733 patent, and/or the '398 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

b.  Judgment that Defendants account for and pay to Virginia Innovation Sciences all damages and costs incurred by Virginia Innovation Sciences because of Defendants' infringing activities and other conduct complained of herein;

c.  Judgment that Defendants account for and pay to Virginia Innovation Sciences a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.  That Virginia Innovation Sciences be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e.  That Virginia Innovation Sciences be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 4, 2012                              Respectfully submitted,

                                                    Craig C. Reilly, Esq. (VSB # 20942)
                                                    111 Oronoco Street
                                                    Alexandria, Virginia 22314
                                                    TEL:  (703) 549-5354
                                                    FAX:  (703) 549-2604
                                                    EMAIL: craig.reilly@ccreillylaw.com
                                                    *Counsel for Plaintiff Virginia Innovation
                                                    Sciences, Inc.*

*Of Counsel for Plaintiff Virginia Innovation Sciences, Inc.:*

Edward R. Nelson, III (pending application for *pro hac vice* admission)
enelson@nbclaw.net
Edward E. Casto, Jr. (pending application for *pro hac vice* admission)
ecasto@nbclaw.net
Barry J. Bumgardner (pending application for *pro hac vice* admission)
barry@nbclaw.net
Thomas C. Cecil (pending application for *pro hac vice* admission)
tcecil@nbclaw.net

44

Jon Rastegar (pending application for *pro hac vice* admission)
jrastegar@nbclaw.net
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
TEL:  (817) 377-9111
FAX: (817) 377-3485

Timothy E. Grochocinski (pending application for *pro hac vice* admission)
teg@innovalaw.com
INNOVALAW, P.C.
1900 Ravinia Place
Orland Park, Illinois 60462
TEL: (314) 853-8146