**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:12-cv-548 |
| SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA LLC; | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY**

Plaintiff Virginia Innovation Sciences, Inc. ("VIS), by counsel, as and for its response to the Motion to Transfer Venue to the District of New Jersey filed by defendants Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung"), states as follows:

# TABLE OF CONTENTS


I. SUMMARY OF ARGUMENT ..... 1

II. BACKGROUND ..... 2

III. LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 5

A. VIS's Choice of Forum Should Not Be Disturbed ..... 5

B. Samsung Has Not Shown That the Convenience of Parties Favors Transfer ..... 8

C. The Convenience of Witnesses Favors Keeping the Case ..... 10

1. Non-Party Witnesses ..... 11

2. Party Witnesses ..... 13

D. The Interests of Justice Do Not Favor Transfer ..... 13

V. CONCLUSION ..... 14

**TABLE OF AUTHORITIES**

**CASES**

*Akers v. Norfolk & Western Railway Co.*,
378 F.2d 78 (4th Cir. 1967) ....................5

*Bascom Research, LLC v. Facebook, Inc.*,
No. 1:12-cv-01111, D.I. 40, Order at 2 (E.D. Va. Dec. 11, 2012)....................6, 7, 11

*Bd. of Trs. v. Baylor Heating & Air Conditioning, Inc.*,
702 F. Supp. 1253, 1256 (E.D. Va. 1988) ....................5

*Bd. of Trs. v. Sullivant Ave. Props., LLC*,
508 F. Supp. 2d 473, 477, 478 (E.D. Va. 2007) ....................10

*Byerson v. Equifax Info. Servs., LLC*,
467 F. Supp. 2d 627, 633, 634 (E.D. Va. 2006) ....................5, 12

*Civix-DDI, LLC v. Loopnet, Inc.*,
No. 2:12-cv-002, 2012 WL 3776688, at *14 (E.D. Va. Aug. 30, 2012) ....................6, 7

*Div. Access Control, Inc. v. Landrum*,
No. 3:06-cv-414, 2007 U.S. Dist. LEXIS 31133, at *19 (Apr. 26, 2007) ....................5

*Gebr. Brasseler GmbH & Co. KG v. Abrasive Tech., Inc.*,
No. 1:08-cv-1246, 2009 U.S. Dist. LEXIS 25926, at *8 (E.D. Va. Mar. 27, 2009)....................9

*Gulf Oil v. Gilbert*,
330 U.S. 501, 508 (1946)....................5

*Helicos Biosciences Corp. v. Illumina, Inc.*,
858 F. Supp. 2d 367, 375 (D. Del. 2012)....................14

*Innovative Commc'ns. Techs., Inc. v. Vivox, Inc.*,
No. 2:12-cv-9, 2012 U.S. Dist. LEXIS 143413, at *7, 9 (E.D. Va. Oct. 2, 2012).................... 4-5

*NanoEnTek, Inc. v. Bio-Rad Labs.*,
No. 2:11-cv-427, 2011 U.S. Dist. LEXIS 138535 (E.D. Va. Dec. 2, 2011)....................11

*Pragmatus AV, LLC v. Facebook, Inc.*,
F. Supp. 2d 991 (E.D. Va. 2011) ....................6, 8, 11

*Precision Franchising, LLC v. Coombs*,
No. 1:06-cv-1148, 2006 U.S. Dist. LEXIS 93952, at *15 (E.D. Va. Dec. 27, 2006)....................8

*Rockingham Precast, Inc. v. Am. Infrastructure-Maryland, Inc.*,
No. 5:11-cv-00024, 2011 U.S. Dist. LEXIS 130885, at *4 (W.D. Va. Nov. 14, 2011) ......8

*Samsung Elecs. Co., Ltd. v. Rambus, Inc.*,
386 F. Supp. 2d 708, 718, 719 (E.D. Va. 2008) ....................................................10, 11, 13

*Smart Audio Techs., LLC v. Apple, Inc.*,
No. 12-134, 2012 U.S. Dist. LEXIS 167340, at *32 (D. Del. Nov. 16, 2012) ..................14

*USA Labs., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*,
No. 1:09-cv-47, 2009 U.S. Dist. LEXIS 37797, at *3, 4 (E.D. Va. May 4, 2009) ....4, 5, 10

**STATUTES & AUTHORITIES**

28 U.S.C. § 1404(a) ...........................................................................................................4, 10

## I. Summary of Argument

The Fourth Circuit and this Court have established a presumption that a plaintiff's choice of forum should be respected, particularly when there are legitimate reasons for that choice. A party seeking transfer has a ***heavy burden*** to show that the balance of factors ***strongly favors*** transfer. Samsung has not met this burden.

VIS filed suit in the Eastern District of Virginia for legitimate reasons. The Eastern District has been VIS's home forum since it was founded in 2005. Further, the Eastern District has substantive ties to this cause of action. A significant amount of the work related to the research, development and prosecution of the patents-in-suit occurred in Arlington, Virginia.

Because this District is VIS's home forum and this District has legitimate ties to this case, VIS's decision to file suit here is entitled to substantial weight in the transfer analysis. Despite this, Samsung fails to present the Court with real evidence as to why transfer is warranted. Instead, Samsung makes general statements about unidentified party witnesses and speculative statements about the convenience of non-party witnesses. Such general averments do not provide a factual basis to support transfer. Moreover, as the attached declarations demonstrate, Samsung's statements regarding the convenience of non-party witnesses are wrong.

Samsung's failure to offer specific facts dooms its motion. The Court should respect VIS's decision to litigate in its home forum, particularly in light of the fact that many relevant events occurred in this District.

## II. Background

VIS is a Virginia corporation with long-standing ties to this District. VIS has been located in this District since its creation in 2005.[1] (Tiehong Wang Decl. ¶ 7). From its office in

[1] VIS was formed in August 2005 under the name SellerBid, Inc. On May 30, 2012, SellerBid

Arlington, Virginia, VIS manages the research, development and prosecution of several patent portfolios. VIS has developed a significant patent portfolio containing fifteen United States patents, one Chinese patent, and ten pending patent applications. (Tiehong Wang Decl. ¶ 8). The patents-in-suit represent the combined efforts of several inventors, each of whom either has ties to the Eastern District or is within the subpoena power of this District. (Tiehong Wang Decl. ¶ 3-5, 14-17; Ning Wang Decl. ¶ 7, 9-11; Tiejun Wang Decl. ¶ 7, 9-11; Ximing Wang Decl. ¶ 7, 9, 10-11; Halal Decl. ¶ 4, 6-7). Significant work related to the conception and development of the inventions covered by the patents-in-suit occurred in VIS's Arlington office. (Tiehong Wang Decl. ¶ 11). Further, VIS oversaw and funded the prosecution of the patents-in-suit from this District. (Tiehong Wang Decl. ¶ 12).

Dr. Tiehong Wang has a long-standing connection to this District, living for 15 years in Arlington, Virginia. (Tiehong Wang Decl. ¶ 3). Dr. Tiehong Wang is a Virginia resident who has overseen the research and development of VIS's intellectual property since 2005. (Tiehong Wang Decl. ¶ 3, 9).

Drs. Ning Wang and Tiejun Wang currently reside in China and are United States permanent residents. (Ning Wang Decl. ¶ 4; Tiejun Wang Decl. ¶ 4). By law a permanent resident must visit the United States at least once every six months. (Ning Wang Decl. ¶ 5; Tiejun Wang Decl. ¶ 5). The only family Drs. Ning Wang and Tiejun Wang have in the United States is Dr. Tiehong Wang. (Ning Wang Decl. ¶ 6; Tiejun Wang Decl. ¶ 6). When Drs. Ning Wang and Tiejun Wang visit the United States, they stay with their family in this District. To the extent it is necessary for them to travel to the United States for deposition, they intend to stay

---

changed its name to VIS to reflect its research and development focus. Contrary to Samsung's suggestions, there was never any sort of asset exchange between SellerBid and VIS; SellerBid simply underwent a name change.

with their family in Arlington, Virginia. Drs. Ning Wang and Tiejun Wang have also worked with VIS on a consistent basis over the years. (Ning Wang Decl. ¶ 11; Tiejun Wang Decl. ¶ 11).

Prof. Ximing Wang is the 69-year-old father of Dr. Tiehong Wang. He resides in China. (Ximing Wang Decl. ¶ 3-4). As with Drs. Ning Wang and Tiejun Wang, the only family Ximing Wang has in the United States is Dr. Tiehong Wang. (Ximing Wang Decl. ¶ 7). Ximing Wang recently underwent major back surgery to remove several bulging discs and fuse several vertebrae. As a result of the surgery, travel is extremely difficult and painful. Regardless of where trial is, travel to the United States will be very burdensome for Ximing Wang. (Ximing Wang Decl. ¶ 8). Travel to the Eastern District of Virginia is less burdensome than travel to the District of New Jersey, as it allows Ximing to stay with his daughter who can provide better accommodations than a hotel. (Ximing Wang Decl. ¶ 9).

Dr. William E. Halal is 79-years-old and resides in Washington, D.C. (Halal Decl. ¶ 3, 5). While Dr. Halal is not within the subpoena power of this courthouse, he is within the subpoena power of the Alexandria Division – where this case was originally filed. (Halal Decl. ¶ 4). Further, to the extent trial is necessary, Dr. Halal has stated that Norfolk, Virginia is a more convenient forum than Newark, New Jersey. (Halal Decl. ¶ 5, 8-10).

Similarly, Christopher Tobin, the prosecuting attorney for the patents-in-suit resides in McLean, Virginia (Tobin Decl. ¶ 3). Like Dr. Halal, Mr. Tobin is within the subpoena power of the Alexandria Division – where this case was originally filed. (Tobin Decl. ¶ 4). Further, to the extent trial is necessary, Mr. Tobin has stated that Norfolk, Virginia is a more convenient forum than Newark, New Jersey. (Tobin Decl. ¶ 6).

## III. Legal Standard

28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The decision to transfer a case under Section 1404(a) is within the sound discretion of the court." *USA Labs., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, No. 1:09-cv-47, 2009 U.S. Dist. LEXIS 37797, at *3 (E.D. Va. May 4, 2009).

In considering a motion to transfer, "the court makes two inquiries: whether the claims could have been brought in the transferee forum, and whether the interests of justice and convenience of the parties and witnesses support the transfer." *Innovative Commc'ns. Techs., Inc. v. Vivox, Inc.*, No. 2:12-cv-9, 2012 U.S. Dist. LEXIS 143413, at *7 (E.D. Va. Oct. 2, 2012). VIS does not dispute that this case could have been brought in the District of New Jersey. Accordingly, the Court's inquiry should focus on whether the balance of interests strongly favors transfer. *Id.* at *9.

In determining whether the balance of interests favor transfer, courts consider the following factors: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interests of justice." *Innovative*, 2012 U.S. Dist. LEXIS 143413, at *9. "Courts have imposed a heavy burden on those who seek transfer and a court will not order transfer unless the balance is strongly in favor of the defendant." *USA Labs.*, 2009 U.S. Dist. LEXIS 37797, at *4.

## IV. Argument

### A. VIS's Choice of Forum Should Not Be Disturbed.

It is well settled that a "plaintiff's choice of venue is entitled to ***substantial weight*** in determining whether transfer is appropriate." *Bd. of Trs. v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946); *Akers v. Norfolk & Western Railway Co.*, 378 F.2d 78 (4th Cir. 1967)) (emphasis added). Unless a defendant demonstrates that the "plaintiff's choice of venue is clearly outweighed by other factors," the plaintiff's choice is entitled to "due deference." *Bd. of Trs.*, 702 F. Supp. at 1256; *see also Div. Access Control, Inc. v. Landrum*, No. 3:06-cv-414, 2007 U.S. Dist. LEXIS 31133, at *19 (Apr. 26, 2007) (denying motion to transfer and stating that defendant "must demonstrate 'that the deference due plaintiff's choice of venue is clearly outweighed by other factors.'"). Where a plaintiff chooses either its home forum or one with a legitimate connection to the cause of action, "[s]uch deference is especially appropriate." *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 633 (E.D. Va. 2006); *see also Bd. of Trs.*, 702 F. Supp. at 1256 (holding "a plaintiff's choice of his home forum for venue purpose is given greater weight than a plaintiff's choice of a foreign forum.")

As discussed above, the Eastern District of Virginia is not only VIS's home, but also bears a significant connection to this case. VIS has been located in the Eastern District of Virginia since its formation in 2005. VIS is not a shell company created shortly before litigation to acquire the patents-in-suit or initiate an enforcement proceeding. Since its formation, VIS has been responsible for the research, development, and prosecution of the patents-in-suit, as well as other patents. The fact that VIS does not manufacture products does not mean it lacks a home.

Besides being VIS's home forum, the Eastern District of Virginia also has a legitimate connection to this action. First, most of the research, development and prosecution concerning the patents-in-suit occurred in this District at VIS's office. Second, the inventors of the patents-in-suit either have significant ties to this District or are within subpoena power of this District. As discussed above, Dr. Tiehong Wang manages VIS's day-to-day operations in this District. (Tiehong Wang Decl. ¶ 6). Dr. Ning Wang and Dr. Tiejun Wang visit the Eastern District on a regular basis. When they visit, they typically meet or work out of VIS's office. (Ning Wang Decl. ¶ 11; Tiejun Wang Decl. ¶ 11). Finally, Dr. William Halal resides in Washington, D.C. While Dr. Halal is outside this Court's subpoena power, he is within the subpoena power of the Alexandria Division (where this case was originally filed). (Halal Decl. ¶ 4). Moreover, he has agreed to appear at trial in this District.

Samsung offers nothing to rebut these facts and instead argues that VIS's status as a non-practicing entity deprives VIS's choice of forum of substantial weight. In support of its position, Samsung relies on three Eastern District of Virginia opinions: *Bascom Research, LLC v. Facebook, Inc.*, No. 1:12-cv-01111, D.I. #40, Order at 2 (E.D. Va. Dec. 11, 2012) (attached as Exhibit A to D.I. 40); *Civix-DDI, LLC v. Loopnet, Inc.*, No. 2:12-cv-002, 2012 WL 3776688 (E.D. Va. Aug. 30, 2012); and *Pragmatus AV, LLC v. Facebook, Inc.*, F. Supp. 2d 991 (E.D. Va. 2011).

Samsung over-generalizes the holdings in these cases. While this Court has stated that deference to plaintiff's choice of forum "varies with the significance of the contacts," it has always held that substantial weight should be afforded "where the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action." *Bascom*, Order at 2. As outlined

above, the Eastern District of Virginia is both VIS's home and bears a substantial relation to the case.

Moreover, this case is easily distinguished from the three cases Samsung relies on in support of its motion. *Bascom* involved a plaintiff with no office in this District that was a wholly owned subsidiary of a seven-month-old Delaware corporation. Further, the plaintiff in *Bascom* was formed one month before acquiring the patent-in-suit and a mere four months before filing suit. With regards to VIS, none of these facts are present. VIS has an office in this District that has been actively used for over seven years. While this office is also Dr. Tiehong Wang's residence, it does not change the fact that substantive work is done there. VIS has no parent corporation and has existed in this District since its formation over seven years ago. Lastly, VIS and the inventors shared a close relationship in the research, development, and prosecution of the patents-in-suit. VIS's founder, her family, and a co-inventor largely developed the patents-in-suit in this District over a significant period of time. VIS owned the patents-in-suit while they were pending applications, helped manage the development and prosecution of the patents-in-suit, and still owns the patents today.

*Civix-DDI*, like *Bascom*, involved a plaintiff with no office in this District. Further, *Civix-DDI* involved a plaintiff who had a "weak" connection to the Eastern District of Virginia and strong historical ties to the transferee district. *Civix-DDI*, 2012 WL 3776688, at *14. Again such facts are not present in this case. VIS has an office in this District that was actively used in developing the patented technologies. This development work fosters strong ties between VIS and the Eastern District. VIS has no connection to the District of New Jersey.

*Pragmatus* involved a plaintiff formed one week before acquiring the patents-in-suit and a mere five months before filing suit. Again, these facts are not analogous to the present case. VIS has existed for many years and owned the patents-in-suit for some time.

Samsung has not presented any facts that should deprive VIS's choice of forum of its substantial weight. As such, this factor weighs heavily in favor of denying Samsung's motion.

### B. Samsung Has Not Shown That the Convenience of Parties Favors Transfer

Rather than provide convincing facts to meet its ***heavy burden*** to show that the balance of factors ***strongly favors*** a transfer, as required under a proper analysis, Samsung instead relies on facts that are largely irrelevant to the analysis: (i) its convenience and (ii) the location of its documents.

**Samsung's convenience is not entitled to much, if any, weight:** As this Court has often noted, "when plaintiffs file suit in their home forum, convenience to parties rarely, if ever, operates to justify transfer." *Precision Franchising, LLC v. Coombs*, No. 1:06-cv-1148, 2006 U.S. Dist. LEXIS 93952, at *15 (E.D. Va. Dec. 27, 2006). "In such cases, transfer would likely serve only to shift the balance of inconvenience from defendant to plaintiff." *Id.*; *Rockingham Precast, Inc. v. Am. Infrastructure-Maryland, Inc.*, No. 5:11-cv-00024, 2011 U.S. Dist. LEXIS 130885, at *4 (W.D. Va. Nov. 14, 2011) (holding "transfers of venue are not available merely to shift inconvenience from one side to another."). Again, the Eastern District of Virginia is VIS's home forum. Simply because Samsung is bigger does not mean that it is entitled to shift the burden of litigating onto VIS.

Samsung's brief fails to provide factual support for its position that litigating in Virginia is significantly more burdensome than litigating in New Jersey. The simple truth is that this case, for the most part, will be litigated by the parties' attorneys, and the most important trial

testimony will be provided by experts. The location of the courthouse has little impact on the day-to-day operations of Samsung. At most, a handful of corporate representatives (likely one or two) may have to fly to Virginia to testify at trial for a few hours. The ability to work remotely through the use of laptops, smartphones, the Internet, and remote login technology, minimizes any purported inconvenience to Samsung based on what should be a brief absence of these representatives.

It should also be noted that Samsung does have facilities in close proximity to the Alexandria Division – where this suit was originally filed. Samsung has offices at 1200 New Hampshire Ave NW, Washington, D.C. 20036, which are approximately nine miles away from the Alexandria courthouse. Should this Court choose to order an intra-district transfer to the Alexandria Division, any burden experienced by Samsung could presumably be offset through use of these offices.

**Samsung's documents are largely irrelevant:** Samsung also appears to argue that the location of its relevant technical and financial documents should be considered under the convenience of the parties analysis. While it is likely true that some relevant documents are in New Jersey, this Court "gives very little weight to the ease of access to sources of proof" in light of the fact that a typical business "produces, stores and maintains data in electronic form." *Gebr. Brasseler GmbH & Co. KG v. Abrasive Tech., Inc.*, No. 1:08-cv-1246, 2009 U.S. Dist. LEXIS 25926, at *8 (E.D. Va. Mar. 27, 2009). Further, whether this case is tried in the District of New Jersey or this District, discovery is conducted between the parties; the location of the courthouse where the case is set to be tried is, for the purposes of discovery, of minimal consequence. The proximity of Samsung's facilities to any courthouse does not increase the ease of access to

documents during trial. Whatever documentary evidence the parties intend to introduce at trial will be in the possession of their counsel in advance of the trial date.

Samsung has offered no credible argument for why the Court should put aside VIS's choice to litigate in its home forum. As such, the convenience of parties weighs in favor of keeping this case in this District and denying Samsung's motion.

**C. The Convenience of Witnesses Favors Keeping the Case.**

When the relevant facts are considered, they favor keeping this case in this district. "Witness convenience is often the most important factor in balancing for a potential § 1404(a) transfer." *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007). As with the convenience of parties analysis, "transfer is inappropriate when the result merely serves to shift the balance of inconvenience from one party's witnesses to the other's." *Id.* at 478. Moreover, witness convenience cannot be assessed "without reliable information identifying the witnesses involved and specifically describing their testimony." *Id.* "The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Samsung Elecs. Co, Ltd., v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2008).

In analyzing witness convenience, Courts distinguish between party and non-party witnesses. The convenience of party witnesses "plays a reduced role in the court's analysis." *See USA Labs.*, 2009 U.S. Dist. LEXIS 37797, at *4. This is because party witnesses are under the control of their employer and "presumed to be more willing to travel to testify." *Samsung Elecs. Co.*, 386 F. Supp. 2d 718. Conversely, "[c]ourts afford greater weight to the convenience of non-

party witnesses." *NanoEnTek, Inc. v. Bio-Rad Labs.*, No. 2:11-cv-427, 2011 U.S. Dist. LEXIS 138535 (E.D. Va. Dec. 2, 2011).

**1. Non-Party Witnesses**

Because non-party witnesses are given significant weight in the transfer analysis, Samsung would have been well-served to show that non-party witnesses resided in the District of New Jersey. Nevertheless, Samsung has not identified a single non-party witness in the District of New Jersey. This fact alone distinguishes the present case from *Pragmatus* and *Bascom* where the movant identified specific non-party witnesses in the transferee district. In fact, the only non-party witnesses Samsung identifies are the prosecuting attorney and the co-inventors of the patents-in-suit. Samsung's speculative statements regarding the convenience of these witnesses should be afforded no weight, as the statements lack the detail required to allow the Court to assess the degree of inconvenience. *See Samsung Elecs. Co.*, 386 F. Supp. 2d at 718. It is also not enough for Samsung to simply say such witnesses are outside the Court's subpoena power; Samsung must show the witness is unwilling to travel to testify. *Id* at 719. Samsung did not do this, in fact, as the declarations accompanying this response brief demonstrate, the Eastern District of Virginia is significantly more convenient for the known non-party witnesses.

Samsung identifies five potential non-party witnesses: Dr. Ning Wang, Prof. Ximing Wang, Dr. Tiejun Wang, Dr. William E. Halal, and Mr. Christopher Tobin. The first four individuals in this list are co-inventors of the patents-in-suit. Inventors might be the single most important witnesses in patent litigation. Inventors have unique knowledge regarding the conception and development of the patented inventions at issue in this case. It is very likely that both parties will call at least one, if not all, of the named inventors at trial. Accordingly, the convenience of the named inventors cannot be discounted.

Here, while three of the named inventors live in China, the only family they have in the United States resides in the Eastern District of Virginia. These individuals have no familiarity with or family near the District of New Jersey. Requiring them to travel thousands of miles to an unfamiliar location where they have no support network imposes significant burdens. Moreover, Ximing Wang recently underwent major back surgery; any travel to the United States is likely to cause significant pain and he will require significant assistance. Requiring him to attend trial in New Jersey, where he has no family, will undoubtedly exacerbate the situation.

With respect to the remaining co-inventor, Dr. Halal, and the prosecuting attorney, Mr. Tobin, both parties agree that these individuals are outside the subpoena power of this courthouse and the District of New Jersey. However, both individuals have stated that, if necessary, they will attend trial in this Court. (Halal Decl. ¶ 10; Tobin Decl. ¶ 8). Further, both Dr. Halal and Mr. Tobin are within the subpoena power of the Alexandria Division (where this case was originally filed). To the extent this Court might find transfer appropriate, an intra-district transfer to the Alexandria Division is a more appropriate destination than the District of New Jersey. Where a plaintiff identifies potential witnesses within the Court's subpoena power, "the availability of compulsory process militates against transfer." *Byerson*, 467 F. Supp. 2d at 634 (E.D. Va. 2006).

The Eastern District of Virginia is a more convenient forum for all non-party witnesses Samsung identified. Moreover, Samsung has failed to identify a single non-party witness in the District of New Jersey. Samsung has not provided the Court with any facts that would allow it to conclude the District of New Jersey is more convenient for non-party witnesses. Accordingly this factor weighs against transfer.

**2. Party Witnesses**

Samsung's speculative and unsubstantiated discussion of the possible location of various party witnesses should be disregarded. As an initial matter, courts typically presume that witnesses who are a party's employees will appear voluntarily. *See Samsung Elecs. Co.*, 386 F. Supp. 2d at 718. Moreover, Samsung has not identified any specific individuals who reside in New Jersey that are likely to testify.

Samsung's argument also invites the Court to improperly tally the number of party witnesses who reside in New Jersey in comparison with the number of party witnesses who reside in the Eastern District of Virginia. The convenience of witnesses "is not merely a battle of numbers favoring the party that can provide the longest list of witnesses." *See Samsung Elecs. Co.*, 386 F. Supp. 2d at 719.

Further, when viewed objectively, taking into consideration the realities of litigation, Samsung's arguments regarding the convenience of party witnesses are overinflated. Whether the case is tried in the District of New Jersey or this District, discovery is conducted between the parties away from the courthouse. From a party witness's perspective, the proximity of the courthouse to the airport only matters during trial. At all other times, discovery, including depositions, is going to be taken at locations agreed upon by the parties. The fact that a couple of Samsung employees might be required to attend trial in Virginia, by itself, is insufficient to merit transfer.

**D. The Interests of Justice Do Not Favor Transfer.**

VIS agrees with Samsung that the majority of the remaining factors covered by the interests of justice umbrella are either inapplicable or neutral. VIS disagrees, however, with Samsung's argument that New Jersey has a special interest in having this controversy decided "at

home." The patents-in-suit are owned by a Virginia corporation and were conceived, at least in part, in this District. Virginia has an absolute interest in protecting the intellectual property rights of its residents. To the extent that any local interests exist in this case, VIS contends they support keeping the case in this District.

It should also be noted that other courts have found that national interests trump local interests in "a lawsuit governed by federal law, brought against a multinational corporation, and concerning products that are sold and used nationwide." *Smart Audio Techs., LLC v. Apple, Inc.*, No. 12-134, 2012 U.S. Dist. LEXIS 167340, at *32 (D. Del. Nov. 16, 2012). Local interests are "typically neutral in the context of patent litigation, as 'patent issues do not give rise to local controversy or implicate local interests.'" *Id.*

> [P]atent litigation does not constitute a local controversy in most cases. Patent cases implicate constitutionally protected property rights. The resolution of patent cases is governed by federal law reviewed by a court of appeals of national (as opposed to regional) stature. Moreover, to characterize patent litigation as 'local' undermines the appearance of neutrality that federal courts were established to provide and flies in the face of the national (if not global) markets that are affected by the outcome of these cases.

*Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 375 (D. Del. 2012). There is no support for Samsung's position that this is a local controversy that needs to be decided in New Jersey. Plaintiff is a Virginia entity seeking to protect intellectual property developed in Virginia against a multinational company that sells infringing products in this District. As a result, the interests of justice favor do not merit transfer.

## V. Conclusion

Taken as a whole, the balance of interests does not justify transfer. Samsung has failed to meet its heavy burden. Rather, VIS has demonstrated that this case has a legitimate connection to the Eastern District of Virginia and all factors either weigh against transfer or are neutral. Consequently, the Court should deny Samsung's motion.

Dated: January 28, 2013

VIRGINIA INNOVATION SCIENCES, INC.

By: /s/ W. Ryan Snow
Of Counsel

W. Ryan Snow, VSB No. 47423
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
wrsnow@cwm-law.com
dhartnett@cwm-law.com

Edward E. Casto, Jr., Esquire (*pro hac vice*)
Edward R. Nelson, III, Esquire (*pro hac vice*)
Thomas C. Cecil, Esquire (*pro hac vice*)
Jonathan H. Rastegar, Esquire (*pro hac vice*)
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111
Facsimile: (817) 377-3485
enelson@nbclaw.net
ecasto@nbclaw.net
tcecil@nbclaw.net
jrastegar@nbclaw.net

Timothy E. Grochocinski, Esquire (*pro hac vice* – pending)
INNOVALAW, P.C.
1900 Ravinia Place
Orland Park, IL 60462
Telephone: (314) 853-8146
teg@innovalaw.com

*Counsel for Virginia Innovation Sciences, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January 2013, I caused the foregoing to be hand-delivered to:

Robert W. McFarland, Esquire
Sarah K. McConaughy, Esquire
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, VA 23510-1655
rmcfarland@mcguirewoods.com
smcconaughy@mcguirewoods.com

and I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to the following:

Brett J. Williamson, Esquire (*pro hac vice*)
Sanjeev Mehta, Esquire (*pro hac vice*)
Cameron William Westin, Esquire (*pro hac vice*)
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
bwilliamson@omm.com
smehta@omm.com
cwestin@omm.com

Eric Namrow, Esquire (*pro hac vice*)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20009-4001
enamrow@omm.com

*Counsel for Samsung Electronics Co., Ltd.,*
*Samsung Electronics America, Inc., and*
*Samsung Telecommunications America, LLC*

/s/ W. Ryan Snow