UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VIRGINIA INNOVATION
SCIENCES, INC.,

          Plaintiff,

v.                                    Case No.: 2:12cv548

SAMSUNG ELECTRONICS CO.,
LTD., ET AL.,

          Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants Samsung
Electronics Co., LTD ("SEC"), Samsung Electronics America, Inc.
("SEA"), and Samsung Telecommunications America, LLC's ("STA")
(collectively "Defendants") Motion to Transfer Venue to the
United States District Court for the District of New Jersey,
pursuant to 28 U.S.C. § 1404(a) and alternative request for
limited discovery concerning venue. ECF Nos. 29-30. For the
reasons set forth herein, Defendants' motion to transfer and
request for venue-related discovery are **DENIED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff Virginia Innovation Sciences, Inc. ("VIS") filed
the instant action against Defendants in the Alexandria Division
of this District on October 4, 2012. VIS accuses Defendants of
infringing several of VIS's patents: U.S. Patent No. 7,899,492
("the '492 patent"), U.S. Patent No. 8,050,711 ("the '711

1

patent"), U.S. Patent No. 8,145,268 ("the '268 patent"), U.S. Patent No. 8,224,381 ("the '381 patent"), U.S. Patent No. 7,957,733 ("the '733 patent"), and U.S. Patent No. 8,135,398 ("the '398 patent"). These patents describe "methods, systems, and apparatus for displaying multimedia information from wireless connection networks" and "methods and apparatus for multimedia communications with different user terminals." See ECF No. 1, Exs. A-F. VIS alleges that Defendants have infringed its patents by making, using, offering for sale, selling, and/or importing a wide range of accused products, including smartphones, tablets, Blue-ray players, and hubs. After the filing of the Complaint in the Alexandria Division of this Court, the action was subsequently transferred to this Division, pursuant to District policy concerning the rotation of certain cases.

VIS is a Virginia corporation with its principal place of business in Arlington, Virginia. SEC is a corporation organized under the laws of South Korea with its principal place of business in Seoul, Republic of Korea. SEA is a New York corporation and wholly owned subsidiary of SEC with its principal place of business in Ridgefield Park, New Jersey.[1] STA

---

[1] The Complaint identifies SEA's principal place of business as Washington, District of Columbia, but SEA denies this allegation and instead represents that its principal place of business is in New Jersey. See ECF No. 28.

2

is a Delaware corporation and wholly owned subsidiary of SEC with its principal place of business in Richardson, Texas.

On January 14, 2013, Defendants filed the instant Motion to Transfer Venue to the District of New Jersey. ECF No. 29. In their memorandum in support of such motion, Defendants alternatively seek leave to conduct limited discovery on the question of venue. ECF No. 30. VIS filed its opposition memorandum on January 28, 2013. ECF No. 41. Defendants filed a reply memorandum on January 31, 2013. ECF No. 46. On February 19, 2013, this Court conducted a status conference at which it heard oral argument on the motion to transfer and alternative request for limited discovery. The Court took the matter under advisement and now issues its findings as set forth below.

## II.  LEGAL STANDARD

Title 28, United States Code, Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Steward Org., Inc. v. Ricoh, Inc., 487 U.S. 22, 29 (1988) (citing Van Dusen v.

3

Barrack, 376 U.S. 612, 622 (1964)); see also Cognitronics Imaging Sys., Inc. v. Recognition Research Inc., 83 F. Supp. 2d 689, 696 (E.D. Va. 2000) (recognizing the discretion the district court has to transfer to a more convenient forum).

The burden is on the movant to show that transfer pursuant to Section 1404(a) is proper. Cognitronics, 83 F. Supp 2d at 696. In a patent infringement action, motions to transfer venue pursuant to Section 1404(a) are governed by the law of the regional circuit in which the Court sits. See Winner Int'l Royalty Corp. v. Wang, 202 F.3d 1340, 1352 (Fed. Cir. 2000).

In order to determine whether a transfer of venue is appropriate, "a district court must make two inquires: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Koh v. Microtek Intern., Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). Respecting the first inquiry:

> The transferee venue is one in which the action 'might have been brought' if, at the time of the filing of the action, the district court therein could have exercised personal jurisdiction over the defendants and the district was a proper venue for the action without waiver or consent by the defendants.

Nationwide Mut. Ins. Co. v. The Overlook, LLC, No. 4:10cv69, 2010 WL 2520973, at *3 (E.D. Va. June 17, 2010) (citing Kontoulas v. A.H. Robins Co., Inc., 745 F.2d 312, 315 (4th Cir.

4

1984)). Once the movant has shown that the transferee venue is a proper venue, the district court considers whether the convenience of the parties and witnesses and the interest of justice support transfer. See 28 U.S.C. § 1404(a). As part of this second inquiry, the district court looks to four principal factors: (1) the plaintiff's initial choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice. JTH Tax, Inc. v. Lee, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007). Generally, the first factor—a plaintiff's choice of venue—is given substantial weight as "[i]t is well settled that a court should rarely disturb a plaintiff's choice of forum unless the balance of hardships clearly favor transfer...." Verizon Online Servs., Inc. v. Ralsky, 203 F. Supp. 2d 601, 623-24 (E.D. Va. 2002).

Ultimately, the movant must show "that transfer does more than merely 'shift the inconvenience to the other party.'" JTH Tax, 482 F. Supp. 2d at 736 (quoting DMP Corp. v. Fruehauf Corp., 617 F. Supp. 76, 77 (W.D.N.C. 1985)). "[T]he balance of convenience among the parties and witnesses [must weigh] strongly in favor of the forum to which transfer is sought." Nationwide Mut. Ins., 2010 WL 2520973, at *3 (quoting Nossen v. Hoy, 75 F. Supp. 740, 742 (E.D. Va. 1990)) (emphasis in original).

### III. DISCUSSION

### A. Jurisdiction of the Potential Transferee Forum

In order to determine whether the transferee court is a district where the cause of action "might have been brought," the Court must determine whether Plaintiff's claims could have been brought in the transferee court initially. Agilent Techs., Inc. v. Micromuse, Inc., 316 F. Supp. 2d 322, 325 (E.D. Va. 2004). The phrase "might have been brought" has been interpreted to mean that "when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant." Hoffman v. Blaski, 363 U.S. 335, 344, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960); see also Agilent, 316 F. Supp. 2d at 324. If the claims could have been brought in the transferee court initially, the subsequent decision to transfer venue is within the discretion of the court. One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp., 312 F. Supp. 2d 824, 828 (E.D. Va. 2004) (citing Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 591 (E.D. Va. 1992)).

Under 28 U.S.C. § 1400(b), venue in patent infringement lawsuits is proper in any "district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). A corporate defendant resides in

any district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c).

Both parties agree that VIS's patent infringement claims could have been brought in the District of New Jersey. Defs.' Br. in Supp. of Mot. to Transfer at 5, ECF No. 30; Pl.'s Resp. to Defs.' Mot. to Transfer at 4, ECF No. 41. SEA is a wholly owned subsidiary of SEC with its principal place of business in New Jersey. Additionally, at the status conference, Defendants represented that, although SEC and STA are not headquartered in New Jersey, their employees regularly travel to New Jersey and that the companies maintain offices there. Therefore, it is clear that this civil action "might have been brought" in the District of New Jersey. See 28 U.S.C. § 1404(a); 28 U.S.C. § 1391(c).

## B. Purposes Served by Transfer

Having determined that this action could have been brought in the transferee forum, the Court next considers whether the interest of justice and the convenience of the parties and witnesses justify transfer to the District of New Jersey. Koh, 250 F. Supp. 2d at 630. This second prong of the analysis under Section 1404(a) requires the Court to balance four principal factors: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." Pragmatus AV, LLC v. Facebook, Inc., 769

7

F. Supp. 2d 991, 994-95 (E.D. Va. 2011) (quoting Heinz Kettler
GmbH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va.
2010)).

## 1.    Plaintiff's Choice of Forum

VIS chose to file the instant action in the Eastern
District of Virginia.  Defendants argue that little deference
should be given to VIS's choice of forum because VIS is a non-
practicing entity whose main business is enforcing its
intellectual property rights.  Accordingly, Defendants contend
that both VIS and this action have minimal ties to Virginia.
VIS responds—both in its memorandum in opposition to the instant
motion and in the declaration from VIS's sole owner, Dr. Tiehong
(Ann) Wang ("Dr. Wang") attached thereto—that it has been a
"resident" of the Eastern District of Virginia since its
formation in 2005 and that it has been engaged in the research,
development, and prosecution of the patents-in-suit, as well as
other patents, in this District since that time.  ECF No. 41 at
5.  Defendants reply that VIS's past prosecution of the patents-
in-suit cannot establish its present connection to the forum.
Defendants further maintain that, because VIS does not
manufacture or develop products, it is a non-practicing entity
despite its representations that it is actively engaged in
research and development.

Generally, a plaintiff's choice of forum is entitled to substantial weight. See Heinz Kettler GmbH, 750 F. Supp. 2d at 667; Koh, 250 F. Supp. 2d at 623. However, the weight accorded to this choice "varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action." Pragmatus, 769 F. Supp. 2d at 995; see also Civix-DDI, LLC v. Loopnet, Inc., No. 2:12cv2, 2012 WL 3776688, at *3 (E.D. Va. Aug. 30, 2012). "Even when the plaintiff sues in its home forum, that fact is not by itself controlling and the weight of that factor depends on the nexus tying the case to the forum." Gebr. Brasseler GmbH & Co. KG. v. Abrasive Tech., Inc., No. 1:08cv1246, 2009 WL 874513, at *2 (E.D. Va. Mar. 27, 2009).

Here, VIS is a Virginia corporation that has continuously operated in this District since its formation in 2005. Thus, the Eastern District of Virginia is VIS's home forum. However, that fact alone is not controlling. The Court also considers the nexus between this District and the instant infringement action.[2]

First, the Court notes that the patented technologies at issue in this action were all researched and developed primarily

_____

[2] The Court notes that the general rule recommending the "center of the accused activity" as the preferred forum in patent infringement cases applies only when the plaintiff did not file suit in its home forum. See Order at 11-14, Comscore, Inc. v. Integral Ad Sci., Inc., No. 2L12cv351, Comscore, Inc. v. Double Verify Inc., No. 2:12cv396, and Comscore, Inc. v. Moat, Inc., No. 2:12cv695 (E.D. Va. Feb. 15, 2013). Accordingly, the Court does not consider this rule in determining the weight it should accord to VIS's choice of its home forum.

in this District and that the patents-in-suit were prosecuted here. Defendants are correct in noting that past activities may be insufficient to establish a plaintiff's connection to a forum if such activities do not constitute "conditions that 'existed when suit was instituted.'" Jaffe v. LSI Corp., 874 F. Supp. 2d 499, 503 (E.D. Va. 2012) (quoting Hoffman, 363 U.S. at 343) (finding a subsidiary's former operations and ongoing bankruptcy proceeding, as well as the plaintiff's own prior patent infringement suit, insufficient to show the plaintiff's connection to this District). However, VIS does not rely solely on its past activities to rebut the Defendants' contention that VIS lacks a significant connection to this District.

VIS represents that it not only researched and developed the patented technologies at issue in this District, but that it continues to research and develop various technologies here. Dr. Wang devotes all of her time to such activities. Although Dr. Wang is VIS's only employee, she is actively engaged in VIS's research and development operations on a full-time basis. The fact that such activities occur in the VIS office at Dr. Wang's residence in Arlington, Virginia does not detract from their significance. Nor does the fact that VIS does not manufacture products undermine VIS's continuing research and development operations, as Defendants suggest. A "non-practicing entity," for purposes of a venue analysis, is an

entity that "does not research and develop new technology, but rather acquires patents, licenses the technology, and sues alleged infringers." Pragmatus, 769 F. Supp. 2d at 995. VIS's ongoing research and development of technologies for patent distinguish it from those plaintiffs deemed non-practicing entities in the cases upon which Defendants seek to rely. See Order at 2-3, Bascom Research, LLC v Facebook, Inc., No. 1:12cv111, (E.D. Va. Dec. 11, 2012), ECF No. 40; CIVIX-DDI, 2012 WL 3776688, at *3; Pragmatus, 769 F. Supp. 2d at 995 This is simply not a case in which the plaintiff's sole activity in the forum is the enforcement of its intellectual property rights. See CIVIX-DDI, 2012 WL 3776688, at *3; Pragmatus, 769 F. Supp. 2d at 995.

In viewing the above facts as a whole, the Court finds that VIS is a practicing entity whose choice of its home forum is entitled to substantial weight in an enforcement action involving patented technologies that VIS researched, developed, and prosecuted here. Accordingly, the Court finds that the connection between this District and the cause of action is sufficient to warrant the substantial deference generally given a plaintiff's choice of forum. See, e.g., Heinz Kettler GmbH, 750 F. Supp. 2d at 667; Koh, 250 F. Supp. 2d at 623. Defendants have failed to demonstrate otherwise and, as the movants for transfer of venue, they bear the ultimate burden to show that

transfer pursuant to Section 1404(a) is proper. Cognitronics, 83 F. Supp. 2d at 696.

## 2. Convenience of the Parties and Witnesses

The fact that VIS's choice of forum is accorded significant weight does not end the inquiry. Transfer would still be appropriate upon a showing that "the balance of convenience among the parties and witnesses is strongly in favor of the forum to which transfer is sought." Nationwide Mut. Ins., 2012 WL 2520973, at *3 (quoting Nossen, 75 F. Supp. at 742) (emphasis in original). The party asserting witness inconvenience "has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." Koh, 250 F. Supp. 2d at 636. Additionally, "the convenience of non-party witnesses should be afforded greater weight [than the convenience of party witnesses] in deciding a motion to transfer." Samsung, 386 F. Supp 2d. at 718. As the moving parties, Defendants must demonstrate that the Eastern District of Virginia is "an inconvenient forum in which to litigate, not simply that the [District of New Jersey] would be more convenient." Id. at 718 n.15.

Defendants have made much of the inconvenience its witnesses will suffer if required to travel internationally to

12

this District. Defendants argue that the District of New Jersey's proximity to two international airports makes it a much more convenient venue, both for their employee witnesses and for the non-party inventors of the patents-in-suit, three of whom reside in China. With respect to Dr. Wang and other non-party witnesses located in Northern Virginia and Washington, D.C., Defendants argue that proceeding in the District of New Jersey would impose equal inconvenience upon such witnesses as would litigating in the Norfolk Division of this District. Plaintiffs argue that they should not be prejudiced by the Court's sua sponte transfer of the action to this Division and proffer declarations from all party and non-party witnesses affirming that this District—even this Division—is far more convenient for them than the District of New Jersey. Defendants urge the Court to disregard such declarations and consider the fact that such witnesses will have to travel a great distance regardless of whether venue is transferred.

As a threshold matter, Defendants, as the parties asserting inconvenience, bear the burden "to proffer by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." Samsung, 386 F. Supp. 2d at 718. Defendants have proffered that all potential witnesses with knowledge

13

concerning the accused products and their sale in the United States are employees who work in South Korea, New Jersey, and Texas. Although Defendants discuss the degree of inconvenience to such witnesses at length, Defendants have failed to provide any specific details concerning the number of witnesses it expects to call (including how many witnesses reside in the transferee district) and how each witness's testimony will be material and non-cumulative, despite being given the opportunity to further elaborate on this point at the status conference. See Koh, 250 F. Supp. 2d at 636. Thus, the Court does not have sufficient facts to determine whether Defendants' proffered witnesses are "central to a claim" or "merely cumulative." Samsung, 386 F. Supp. 2d at 718.

Furthermore, the facts that are before the Court suggest that the inconvenience to any such witnesses should "play[] a reduced roll in the court's analysis." NanoEntek, Inc. v. Bio-Rad Labs., Inc., No. 2:11cv427, 2011 WL 6023189, at *5 (E.D. Va. Dec. 2, 2011). Specifically, the only witnesses proffered are employees of SEC, SEA, or STA and are, therefore, party witnesses. See id. ("Party witnesses are the parties themselves and those closely aligned with a party [such as employees]."). Such witnesses "are presumed to be more willing to testify in a different forum." Samsung, 386 F. Supp. 2d at 718. Additionally, the international travel required of these party

14

witnesses is further mitigated by the fact that the only international defendant, SEC, has previously litigated a patent-infringement declaratory judgment action in the Richmond Division of this District and, in such action, expressly affirmed the convenience of this forum when opposing a motion to transfer venue. See Samsung, 386 F. Supp. 2d at 719; see also CIVIX-DDI, 2012 WL 3776688, at *5 (considering a plaintiff's prior litigation in the transferee forum when determining such forum was presumably convenient). Thus, although "international air travel w[ill undoubtedly] be burdensome wherever this case is litigated," it does not appear that such travel is any more burdensome to SEC in this District than it would be in the District of New Jersey.

The convenience of the non-party witnesses weighs against transferring the case. The only non-party witnesses presently identified are the inventors of the patents-in-suit and the prosecuting attorney of such patents. Three of the non-party inventors reside in China and the fourth resides in Washington, D.C.[3] ECF No. 41 at 2-3. The prosecuting attorney of the patents-in-suit resides in this District, in McLean, Virginia. ECF No. 41, Ex. 6. All such witnesses have provided VIS with declarations affirming that litigating in the District of New

---

[3] The fifth inventor is Dr. Wang, who, as the sole owner of VIS, is a party witness. Dr. Wang resides in this District, in Arlington, Virginia. ECF No. 41 at 2.

Jersey would be inconvenient for them and that the Eastern District of Virginia is a more convenient forum. ECF No. 41, Exs. 2-6. Defendants ask the Court to disregard these representations and consider the difficulty of traveling to Norfolk from China (based on the absence of direct flights), as well as from Northern Virginia, which Defendants contend is equidistant to Norfolk and Newark. The Court finds no reason to disregard the representations of these non-party witnesses. Accordingly, their convenience weighs against transfer.

### C.  Interest of Justice

The fourth and final factor for the Court to consider when determining whether transfer to the District of New Jersey is appropriate is the interest of justice. See 28 U.S.C. § 1404(a). Analysis of this factor encompasses considerations unrelated to witness and party convenience, including (1) the pendency of a related action, (2) the court's familiarity with the applicable law, (3) docket conditions, (4) access to premises that might have to be viewed, (5) the possibility of an unfair trial, (6) the ability to join other parties, (7) the possibility of harassment, and (8) the interest of having local controversies decided at home. Pragmatus, 769 F. Supp. 2d at 996; Gebr. Brasseler GmbH, 2009 WL 874513, at *5. Ultimately, the interest of justice factor "encompasses public interest factors aimed at 'systemic integrity and fairness,'" with the

16

most prominent considerations being "judicial economy and the avoidance of inconsistent judgments." Byerson v. Equifax Info. Servs, LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (quoting Samsung, 386 F. Supp. 2d at 721).

The parties agree that the majority of the above considerations are not applicable in this case. Specifically, there are no related actions currently pending in the District of New Jersey, or any other district. The case arises under Federal patent law, so the Court's familiarity with the applicable law is not at issue. See Agilent Techs., 316 F. Supp. 2d at 329 (noting that one district court is no better or worse equipped to handle a suit arising under Federal patent law than any other). Neither party has argued that docket considerations should influence the Court's transfer analysis, although the parties agree that the average time to trial for a civil case in the District of New Jersey is approximately twenty-seven months—which is significantly longer than in this District. Additionally, there are no facts before the Court suggesting that there are premises to be viewed in this case or that there is a possibility of unfair trial or harassment in this District. Finally, the ability to join parties also does not appear to be at issue.

The parties only dispute which district has a greater interest in deciding this controversy. Defendants argue that

their ties to New Jersey make it more reasonable to burden jurors in that District. VIS argues first that a case arising under Federal patent law cannot properly be called a "local controversy." To the extent local interests can be implicated in such a case, VIS argues that Virginia has a strong interest in the resolution of this dispute because VIS is a Virginia entity seeking to protect intellectual property it developed in this District against multinational defendants who sell infringing products here.

Whether a dispute arising under Federal patent law creates a "local controversy" is not entirely settled in this District. Some courts have agreed with VIS and held that a patent infringement action is not a local controversy. <u>E.g.</u>, <u>Lycos</u>, 499 F. Supp. 2d at 696. Others have found a local interest where a plaintiff sues in its home forum. <u>E.g.</u>, <u>Tatwell, LLC v. Zonet USA Corp.</u>, No. 3:07cv543, 2007 WL 4562874, at *12 (E.D. Va. Dec. 20, 2007). Still others have considered infringement suits to be local "where the maker and seller of the infringing products is located." <u>E.g.</u>, <u>Jaffe</u>, 874 F. Supp. 2d at 509; <u>NanoEnteck</u>, 2011 WL 6023189, at *7. However, in these latter cases, the existence of a local controversy may be predicated upon the economic harm that would result in the transferee forum if a finding of liability were to require a change to

manufacturing processes or products. See NanoEnteck, 2011 WL 6023189, at *7.

Here, VIS has sued in its home forum and, as the Court has already found, is a practicing entity in such forum. Although Defendants have a heavy presence in New Jersey, all manufacturing of the accused products occurs in South Korea. When prompted at the status conference, Defendants were unable to point to any harm, economic or otherwise, that would result in New Jersey upon a finding of liability. Defendants instead argued that the citizens of New Jersey would have a greater interest in litigating a dispute involving a local company—SEA. Given the absence of any facts concerning the anticipated effect of this action's outcome in New Jersey, the Court sees no reason why jurors in that District would have a greater interest in adjudicating the instant dispute than those in this District. Specifically, jurors in New Jersey may have an interest in a case involving a local company, but jurors in Virginia have at least an equal interest in a case involving technologies developed in Virginia by a Virginia company. On balance, therefore, this factor is neutral to the Court's determination of the instant motion.

In sum, Defendants have failed to show that VIS's choice of forum should not be accorded significant weight. Although the Defendants have extensively argued that convenience of the

parties and witnesses should override VIS's choice, the Court finds that Defendants have failed to show that "the balance of the hardships clearly favor[s] transfer." Verizon Online Servs., 203 F. Supp. 2d at 623-24. Accordingly, the Court will not disturb VIS's choice of forum.

D.    **Alternative Request for Limited Venue-Related Discovery**

Defendants' have alternatively requested that, should the Court determine that transfer of venue is not presently warranted under Section 1404(a), the Court withhold entering such finding and allow the parties to conduct limited discovery concerning venue. At the status conference, Defendants argued that they lacked sufficient information concerning VIS's activities to determine whether VIS is a practicing versus a non-practicing entity. Defendants seek leave to take Dr. Wang's deposition in order to verify both the nature and extent of her work for VIS, and the representations in her declaration.

Generally, district courts enjoy broad discretion in determining whether to grant limited discovery to explore jurisdictional facts (including venue). See Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993). Although discovery under the Federal Rules of Civil Procedure is "broad in scope and freely permitted," the Court sees no reason to defer its finding and permit such discovery in this case. Id. Specifically, Defendants seek limited discovery for the sole

purpose of searching for evidence to rebut Dr. Wang's
declaration that VIS continues to engage in research and
development in this District and that she devotes herself to
such work on a full-time basis. Under such circumstances, the
Court finds the Fourth Circuit's reasoning with respect to
jurisdictional discovery persuasive. See Carefirst of M.D.,
Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 403 (4th
Cir. 2003). As the plaintiff did in Carefirst, Defendants seek
limited discovery in spite of and against Dr. Wang's sworn
declaration. Id. Likewise, in support of their request,
Defendants have "offered nothing beyond ... bare allegations"
and "conclusory assertions" that VIS is a non-practicing entity.
Id. (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,
293 F.3d 707, 716 n.3 (4th Cir. 2002)). Where a party's request
for jurisdictional or venue-related discovery rests "on bare
allegations [made] in the face of specific denials[,] ... the
Court need not permit even limited discovery ... [if] such
discovery will be a fishing expedition." Id. (quoting Rich v.
KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1998)). The Court
finds that, as presented, Defendants' alternative request for
additional discovery amounts to nothing more than an attempt to
unearth facts contrary to those sworn facts presented to the
Court. Accordingly, the Court denies Defendants' request for
venue-related discovery.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion to Transfer Venue and further **DENIES** Defendants' alternative request for limited, venue-related discovery.

The Court **DIRECTS** the Clerk of the Court to send copies of this Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_/s/_

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March **6** , 2013