UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VIRGINIA INNOVATION
SCIENCES, INC.,

        Plaintiff,

v.                                    Case No.: 2:12cv548

SAMSUNG ELECTRONICS CO.,
LTD., ET AL.,

        Defendants.

## OPINION AND ORDER

    This matter is currently before the Court on motions filed by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung" or "Defendants"). In the first motion, Defendants move for an order: "(1) dismissing Count VIII, for Willful Infringement, in the First Amended Complaint (the 'FAC'), pursuant to Fed. R. Civ. P. 12(b)(6) and (2) striking the allegations and prayer for relief relating to Count VIII, pursuant to Fed. R. Civ. P. 12(f)." ECF No. 124. The second motion before the Court is Defendant's motion requesting judicial notice of a Notice of Allowability upon which Samsung wishes to rely in support of its motion to dismiss. ECF No. 126. The motions have been fully briefed and are therefore ripe for decision.

    After examination of the briefs and the record, the Court

has determined that a hearing on the instant motions is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). For the reasons that follow, the Court **GRANTS** Defendants' Request for Judicial Notice in Support of Samsung's Motion to Dismiss Claim for Willful Infringement; **DENIES, in part, and GRANTS, in part,** Defendants' Motion to Dismiss Claim for Willful Infringement in First Amended Complaint; and **DENIES** Defendants' Motion to Strike Allegations and Prayer for Relief Regarding Same.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the instant patent infringement action, plaintiff Virginia Innovation Sciences, Inc. (hereinafter "Plaintiff" or "VIS") alleges that Defendants have directly, indirectly, and willfully infringed the patents-in-suit by making, using, offering for sale, selling, and/or importing a wide range of accused products, including smartphones, tablets, Blue-ray players, and hubs. Samsung denies VIS's claims of infringement and asserts several affirmative defenses, including invalidity of all patents-in-suit, prosecution history estoppel and other equitable doctrines. Additionally, Samsung asserts counterclaims seeking declarations of non-infringement and invalidity for each of the patents-in-suit.

2

At issue in this case are the following six patents:  U.S. Patent No. 7,899,492 ("the '492 patent"), U.S. Patent No. 8,050,711 ("the '711 patent"), U.S. Patent No. 8,145,268 ("the '268 patent"), U.S. Patent No. 8,224,381 ("the '381 patent"), U.S. Patent No. 7,957,733 ("the '733 patent"), and U.S. Patent No. 8,135,398 ("the '398 patent").  All of the patents-in-suit claim priority to U.S. Application No. 11/165,341, now the '492 patent, which itself claimed priority to U.S. Provisional Application No. 60/588,359, filed on July 16, 2004.  The '711, '268, and '381 patents are continuations of the '492 patent and all four share a substantively identical specification ("the '492 specification").  The '733 and '398 patents are continuations-in-part of the '492 patent.  These two patents share a substantively identical specification, which includes all of the '492 specification, along with additional material ("the '733 specification").  Each of the patents-in-suit describes inventions intended to resolve the inconvenience and impracticality of viewing multimedia content on the small screens of mobile terminals.

The Court held its _Markman_ hearing in this matter on June 11, 2013 and issued its _Markman_ opinion on September 25, 2013. Since this hearing, there have been numerous filings in this matter and several motions remain pending before the Court, in various stages of briefing.  By Order of October 25, 2013, the

3

Court joined for trial this matter and <u>Virginia Innovation Sciences, Inc. v. Samsung Electronics Co., Ltd., et al.</u>, Case No. 2:13cv322. ECF No. 353. The trial of the two matters is now set for April 21, 2014. After reciting the applicable standards of review, the Court first addresses Defendants' Motion and Memorandum in Support of Request for Judicial Notice in Support of Samsung's Motion to Dismiss Claim for Willful Infringement. ECF No. 126. The Court then addresses the Defendants' Motion to Dismiss Claim for Willful Infringement in First Amended Complaint, and to Strike Allegations and Prayer for Relief Regarding Same. ECF No. 124.

**II. STANDARD OF REVIEW**

**A. F.R.E. 201(b)(2) Request for Judicial Notice**

Federal Rule of Evidence 201 "governs judicial notice of . . . adjudicative fact[s]." Fed. R. Evid. 201(a). The rule permits the court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). The Court is permitted to take judicial notice "on its own." Fed. R. Evid. 201(c)(1). However, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

4

## B. Rule 12(b)(6) Motion to Dismiss

A complaint should be dismissed under Rule 12(b)(6) where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556. The Fourth Circuit recently explained the standard as follows: "To survive a Rule 12(b)(6) motion to dismiss, a complaint must establish 'facial plausibility' by pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Clatterbuck v. City of Charlottesville, 708 F.3d 549, 554 (4th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

In assessing the merits of a Rule 12(b)(6) motion to dismiss, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dept., Inc. v. Montgomery County, Md., 684 F.3d

462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011)). However, while a district court must construe well-pled facts in the light most favorable to the plaintiff, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). If a plaintiff fails to allege facts sufficient to plausibly infer that such plaintiff is entitled to relief, then dismissal must be granted.

Plaintiff cites McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007) and argues that, in order to sufficiently plead infringement of a patent, the "patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." Although Plaintiff cites Twombly and Iqbal in its brief, the citation to, and reliance on, McZeal requires the Court to clarify the appropriate standard in order to avoid any confusion on the point.

In McZeal, 501 F.3d at 1357, the Federal Circuit was faced with the question of whether a *pro se* plaintiff's complaint, following the requirements of Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure (Form 16 at the time of that case), can survive a motion to dismiss under Rule 12(b)(6).

6

This Court, in previously examining McZeal, "agree[d] with the post-Twombly holding in McZeal that a litigant who complies with the provisions of Form 18 has sufficiently stated a claim for direct infringement as contemplated by Rule 12(b)(6), and, to the extent Twombly and Iqbal require more, need not meet the more stringent Twombly and Iqbal plausibility standard."[1]  W.L. Gore & Assocs., Inc. v. Medtronic, Inc., 778 F. Supp. 2d 667, 675 (E.D. Va. 2011).  This Court went on to hold that "[s]ince the Federal Rules state that compliance with the forms is sufficient, and the Supreme Court's decisions in Twombly and Iqbal could not have amended the Federal Rules, a complaint alleging literal infringement that tracks Form 18 is sufficient to withstand a motion to dismiss under Rule 12(b)(6)." Id.  The Federal Circuit recently addressed this same issue, finding that, "to the extent the parties argue that Twombly and its progeny conflict with the forms and create differing pleading requirements, the forms control," and therefore the sufficiency of a claim for "direct infringement is to be measured by the specificity required by Form 18."  In re Bill of Lading Transmission & Processing Sys. Patent Litigation, 681 F.3d 1323, 1334 (Fed. Cir. 2012).

---

[1]  In reaching that conclusion, the Court relied on "the language of Rule 84 and statements made by the Supreme Court in Twombly." W.L. Gore & Associates, Inc. v. Medtronic, Inc., 778 F. Supp. 2d 667, 675 (E.D. Va. 2011).

However, "[t]he foregoing analysis in W.L. Gore related only to claims of direct, literal infringement," and this Court subsequently concluded that the holding in McZeal does not apply to indirect infringement claims. Nielsen Co. (US), LLC v. comScore, Inc., 819 F. Supp. 2d 589, 600 (E.D. Va. 2011) ("This Court, consistent with the well-reasoned analyses of these other district courts, concludes that plaintiff's claims of indirect infringement must be evaluated under the standard set forth in Twombly and Iqbal, without reference to the language of Form 18, which only relates to claims of direct infringement."). Thus, as the Federal Circuit implicitly recognized in In re Bill of Lading, 681 F.3d at 1334, it follows that the sufficiency of Plaintiff's claim of willful infringement must also be evaluated under the standard set forth in Twombly and Iqbal without reference to Form 18. Fuzzysharp Techs., Inc. v. NVIDIA Corp., Case No. 12cv6375, 2013 U.S. Dist. LEXIS 126989, at *6 (N.D. Cal. Sept. 4, 2013) ("Because there are no sample pleadings in the Appendix of Forms for claims of willful infringement, a claim for willful infringement is not governed by any of the forms, including form 18"). Accordingly, the Court will apply the Supreme Court's Twombly and Iqbal plausibility standard in considering the motion to dismiss Plaintiff's willful infringement claim.

The United States Supreme Court decided Twombly, 550 U.S.

8

544, on May 21, 2007.   In doing so, the Court adopted the plausibility pleading standard referenced above.   The Federal Circuit adopted the current standard for establishing willful infringement when they issued their post-Twombly August 20, 2007 opinion in In re Seagate, 497 F.3d 1360, 1371 (Fed. Cir. 2007). The Federal Circuit's opinion in In re Seagate was authored by Judge Mayer.   A few weeks later, on September 5, 2007, the Federal Circuit issued its decision in Mitutoyo Corp. v. Central Purchasing, LLC, 499 F.3d 1284 (Fed. Cir. 2007), in which it addressed the pleading requirements for willful infringement.[2] The opinion in Mitutoyo Corp., 499 F.3d 1284, was also authored by Judge Mayer, the author of In re Seagate, 499 F.3d 1360.

    In Mitutoyo Corp., the Federal Circuit reviewed the trial court's dismissal of Mitutoyo's willful infringement claim, and did so as a dismissal for failure to state a claim under Rule 12(b)(6).   499 F.3d at 1290.   The Federal Circuit noted that, in its complaint, Mitutoyo had alleged that the acts of infringement by the defendant "occurred with full knowledge of" the patent "and have been willful and deliberate."   Id.   The Federal Circuit also commented on the details of additional allegations, noting that the plaintiff had "provided details about the declaratory judgment suit filed by [defendant] in

---

[2] The Mitutoyo Corp. decision was issued nearly four months after the U.S. Supreme Court's May 21, 2007 decision in Twombly.

1995, which sought to invalidate and render unenforceable the
'902 patent, thereby establishing that [defendant] had knowledge
of the '902 patent prior to 2002." *Id.*   The Federal Circuit
concluded that "[t]his is plainly more than sufficient to meet
the requirements of Rule 8(a)(2) for pleading a willful
infringement claim and avoid dismissal under Rule 12(b)(6)."
*Id.*   It is notable that the Federal Circuit did not engage in
any analysis of the newly announced <u>In re Seagate</u> proof
standard, including the objective recklessness analysis, in
reaching this conclusion.   In fact, the court did not mention
its <u>In re Seagate</u> opinion from two weeks earlier.

The absence in <u>Mitutoyo Corp.</u> of any mention of the new <u>In
re Seagate</u> proof standard is understandable in light of the
difference between the pleading standard and the proof standard.
While <u>In re Seagate</u> established the current standard for willful
infringement, it only addressed the "evidence necessary to
<u>establish</u> willful infringement," not the prerequisites for
<u>pleading</u> willful infringement.   <u>Wordcheck Tech., LLC v. Alt-N
Techs., Ltd.</u>, Civil Action No. 6:10-cv-457, 2012 U.S. Dist.
LEXIS 189071, at *6 (E.D. Tex. 2012) (emphasis added); <u>see</u>,
<u>Cephalon, Inc. v. Sun Pharm., Ltd., et al.</u>, 2013 U.S. Dist.
LEXIS 144576, at *11-13 (D. N.J. October 7, 2013) (analyzing the
language of <u>In re Seagate</u>).   Unlike the evidence standard
established by <u>In re Seagate</u> for <u>proof</u> of willful infringement,

10

the Federal Circuit's opinion in Mitutoyo Corp. requires only that a plaintiff allege (1) infringement of the patent-in-suit; and (2) pre-filing "knowledge" of the patent-in-suit by the defendant. Mitutoyo Corp., 499 F.3d at 1290; accord, Fuzzysharp Techs., Inc., 2013 U.S. Dist. LEXIS 126989, at *6-9; see also, Cephalon, Inc., 2013 U.S. Dist. LEXIS 144576, at *14-15.

The extent to which such pre-filing knowledge must go beyond the mere existence of the patent, to its substance, is not resolved by Mitutoyo Corp.. Courts appear to agree, however, that the Rule 8 plausibility standard requires plaintiffs to allege sufficient facts to create a plausible inference that defendant had some knowledge of the contents of the patent-in-suit, which means knowledge beyond the mere existence of a patent with the same number as the patent-in-suit. See Fuzzysharp Techs., Inc., 2013 U.S. Dist. LEXIS 126989, at *7 (interpreting Mitutoyo Corp. as meaning that the "'knowledge' element can be satisfied by averring facts showing that the defendant knew of the existence of the patent-in-suit prior to the filing of the complaint. [Mitutoyo Corp., 499 F.3d at 1290] (holding that factual details showing knowledge of prior litigation involving the patent-in-suit 'establish[]' knowledge of the patent)"); Rembrandt Social Media, LP v. Facebook, Inc., No. 1:13cv158, 2013 U.S. Dist. LEXIS 84245, at *13-14 (E.D.Va. June 12, 2013) (adopting into its analysis of

pre-suit knowledge in the willful infringement claim context its analysis of pre-suit knowledge in the indirect infringement context, in which the Court stated that "[w]hat matters is not how the putative infringer learned of the patents . . . but simply that the putative infringer has knowledge of the allegedly infringed patent and its claims.") (emphasis added).

Although In re Seagate required that a patentee show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, allegations pertaining to an "objectively high likelihood" of infringement are not required to survive a motion to dismiss. Fuzzysharp Techs., Inc., 2013 U.S. Dist. LEXIS 126989, at *9. "In determining a 12(b)(6) motion to dismiss, the Court does not consider evidence pertaining to the defendant's objective knowledge of its infringement, because such evidence must be analyzed in conjunction with the defenses available to the defendant, which are not at issue in a 12(b)(6) motion." Id. As the court noted in Fuzzysharp Techs., Inc., the Federal Circuit held in Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., 682 F.3d 1003, 1005 (Fed. Cir. 2012), that "the determination of whether the defendant acted despite an objectively high likelihood of infringement entails an objective assessment of potential defenses based on the risk presented by the patent." Therefore,

12

at the Rule 12(b)(6) stage, the Court need not delve into the proof standards established by In re Seagate, 499 F.3d 1360. Accordingly, the Court concludes that in order to survive Samsung's Rule 12(b)(6) motion to dismiss VIS' willful infringement claim, VIS must plausibly allege 1) infringement of the patents-in-suit, and 2) pre-filing knowledge of the patents-in-suit by the Defendants.

## C. Rule 12(f) Motion to Strike

It is unnecessary for this Court to address the standard of review applicable to that portion of Defendants' motion which asks the Court to strike certain allegations and part of the prayer for relief because such a motion is an improper vehicle for accomplishing the dismissal of a claim.  As recognized in Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-76 (9th Cir. 2010), Rule 12(f) is not a proper vehicle for procuring the dismissal of all or part of a pleading on the ground that it fails to state a claim for relief.  Such relief is better sought by use of Rule 12(b)(6).  Therefore, since the Court will deny Defendants' Rule 12(f) motion, it is unnecessary to further discuss the standard applicable to such motion.

## III. DISCUSSION

### A. FRE 201(c)(2) Request for Judicial Notice

Plaintiff alleges that Defendants had knowledge of the patents-in-suit before VIS filed its complaint in this case. In

support of that assertion, Plaintiff relies upon two sources of information.   As to the second source, Plaintiff alleges that Defendants knew, or should have known, of at least the '398 patent due to their receipt of a "Notice of References Cited" in conjunction with a Notice of Allowability for U.S. Patent Application No. 11/647,153, which lists the '398 patent.   First Amended Compl. ¶ 135.   In an attempt to refute such assertion, Defendants request that the Court take judicial notice of the Notice of Allowability.

When considering a Rule 12(b)(6) motion, "[i]n addition to the complaint, the Court may also examine 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" <u>Haywood v. Gutierrez</u>, 1:08cv981 (GBL), 2009 U.S. Dist. LEXIS 36617, at *12 (E.D. Va. Apr. 30, 2009) <u>aff'd sub nom.</u> <u>Haywood v. Locke</u>, 387 F. App'x 355 (4th Cir. 2010) (citing <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007)).

Defendants request that the Court take judicial notice of the Notice of Allowability issued by the United States Patent and Trademark Office on April 27, 2012 as part of Application No. 11/647,153.   Such Notice of Allowability was supplied to the Court as an attachment to Defendants' request.   Because the Notice of Allowability for U.S. Patent Application No. 11/647,153 is an official U.S. Government document that "can be

14

accurately and readily determined from sources whose accuracy cannot be reasonably questioned," Fed. R. Evid. 201(b), the Court takes judicial notice of the Notice of Allowability, pursuant to Fed. R. Evid. 201(c)(2). The Court notes however, that, while a district court must take judicial notice under Fed. R. Evid. 201(c)(2) where "a party requests it and the court is supplied with the necessary information," a district court must still construe well-pled facts in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd., 591 F.3d at 255.

## B. Rule 12(b)(6) Motion

The Federal Circuit established the current standard for proving willful infringement in In re Seagate, in which the Court "overrule[d] the standard set out in Underwater Devices" and, in so doing, "abandon[ed] the affirmative duty of due care" and "reemphasize[d] that there is no affirmative obligation to obtain opinion of counsel." 497 F.3d 1360, 1371 (Fed. Cir. 2007). The Federal Circuit held "that proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness," which requires meeting a threshold objective standard and a subsequent subjective standard. Id. The threshold objective standard requires that, in order to establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions

constituted infringement of a valid patent." Id.   "If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."   Id.   However, In re Seagate only addressed the "evidence necessary to establish willful infringement," not the prerequisites for pleading willful infringement.   Wordcheck Tech., LLC., 2012 U.S. Dist. LEXIS 189071, at *6 (emphasis added).   As explained above in the standard of review discussion, Mitutoyo Corp. established the prerequisites for pleading willful infringement.

The Federal Circuit, in Mitutoyo Corp., recognized that in order to plead willful infringement, a plaintiff need only "allege (1) infringement of the patent-in-suit; and (2) pre-filing 'knowledge' of the patent-in-suit by the defendant." 499 F.3d at 1290.  Of course, as explained in the standard of review discussed above, these pleading requirements must be read in conjunction with the Twombly and Iqbal plausibility requirement. Therefore, in order to prevent dismissal, VIS must have also pled sufficient facts to plausibly support both the allegation of infringement and the allegation that Defendants had pre-filing knowledge of the patent-in-suit.   Mitutoyo Corp., 499 F.3d at 1290.

16

### 1. Infringement of the Patents-in-Suit

VIS has alleged, in various locations throughout the amended complaint, the validity of the asserted six U.S. patents. VIS has also alleged that each of these patents is infringed by Samsung's actions in the United States regarding numerous allegedly infringing Samsung products. The facts that VIS has pled—that Samsung has numerous products, each of which infringes at least one of VIS's six patents—are sufficient to plausibly support the assertion that Samsung infringed VIS's patents. Whether VIS has pled sufficient facts to plausibly allege that Samsung had pre-filing knowledge of VIS's patents is a closer question.

### 2. Pre-filing Knowledge

#### a. The '492 Patent Family

With respect to the pre-filing knowledge pleading requirement for willful infringement, VIS has alleged that, prior to VIS's filing of this suit on October 4, 2012, Samsung knew or should have known of the '492 patent as well as all subsequent patents which claim priority to the '492 patent application. The '492 patent issued on March 1, 2011 from U.S. Patent Application No. 11/165,341, which was filed on June 24, 2005. Both the '492 patent and the '341 application claim priority from U.S. Provisional Application No. 60/588,359, which was filed on July 16, 2004. All the other asserted patents in

this case were continued from this '341 application, now the '492 patent. VIS appears to allege that, as the parent patent, not only would knowledge of the '492 patent have revealed the rest of the patent family, but, due to their shared specification and, thus, shared subject matter, Samsung should have known that the risk of infringing the '492 patent would also involve the risk of infringing the subsequently issued members of that patent family. However, as VIS has offered argument only as to the '398 patent and the '492 patent from which it claims priority, it appears that VIS does not dispute the motion to dismiss as to the other four patents individually (the '711, '268, '381, and '733 patents). However, after addressing the '492 patent, the Court will address those four patents for the sake of clarity.

### i. The '492 Patent

In support of the assertion that Samsung had pre-filing knowledge of the '492 patent, VIS has pled the following facts. VIS has stated that, prior to the March 1, 2011 issuance of the '492 patent, its '341 patent application was published on April 13, 2006 as U.S. Publication No. 2006/0077310 ("Wang"). First Amended Compl. ¶ 115, ECF No. 121. VIS has further asserted that, on September 27, 2005, Samsung filed and prosecuted U.S. Patent Application No. 11/237,357 ("the '357 patent application"), which was rejected by the United States Patent

and Trademark Office on five separate occasions as anticipated or rendered obvious by "Wang" in light of other references. First Amended Compl. ¶¶ 116-124. From those facts, VIS seeks to infer that Samsung would have been familiar with the "Wang" reference because one can plausibly infer that if a patent application is rejected because of a particular publication, the proponent of such rejected patent application would gain knowledge of the publication on which the rejection was based. In this case, the publication was of a patent application. However, knowledge of a patent <u>application</u> is insufficient.

"To willfully infringe <u>a patent</u>, the patent must exist and one must have knowledge of it." <u>State Indus., Inc. v. A.O. Smith Corp.</u>, 751 F.2d 1226, 1236 (Fed. Cir. 1985)(emphasis in original). "Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable." <u>Id.</u> Thus, it is insufficient to allege knowledge of a patent application without further alleging knowledge of the patent.

Samsung essentially argues that, due to its April 26, 2011 abandonment of the '357 patent application following the final September 16, 2010 Office Action rejecting its '357 application, it had no reason to know of the issuance of a patent from the

patent application, of which "Wang" was a publication.[3]  However,
VIS asserts that the timing is suspect, considering that the
notice of allowance for the VIS '492 patent was published on
October 28, 2010, only one month after the final Office Action
rejecting Samsung's '357 patent application, and the VIS '492
patent issued on March 1, 2011, <u>one and a half months prior</u> to
Samsung's abandonment of the '357 patent application on April
26, 2011.  First Amended Compl. ¶¶ 124-126.  It is a plausible
inference that Samsung would have researched "Wang," as well as
the other references cited in the final September 16, 2010
Office Action rejecting Samsung's '357 patent application, prior
to deciding to abandon a patent application in which they had
invested approximately five years of prosecution.  After all,
Samsung continued its attempts to overcome the rejections based
on the "Wang" publication contained in the previous four Office
Actions.  Thus, having viewed the facts in the light most
favorable to the Plaintiff, VIS has pled sufficient facts to
create a plausible inference that Samsung knew of the '492
patent prior to VIS filing this suit.

### ii. The '711, '268, '381, and '733 Patents

With regard to the subsequent patents which issued from
continuations of the '492 patent (the '711, '268, '381, '733,

---

[3] Samsung abandoned the '357 patent application on April 26, 2011 by
failing to file a reply to the final September 16, 2010 Office Action.
First Amended Compl. ¶ 126.

and '398 patents), with the sole exception of the '398 patent, VIS has failed to allege any facts that would plausibly support the inference that Samsung's knowledge of the '492 patent would extend to knowledge of such subsequent patents as well.  On the facts alleged, this inference would only be plausible if Samsung had an affirmative duty to continue to monitor the applications related to the '492 patent.   Prior to In re Seagate, the standard set forth in Underwater Devices required that where "a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing." Underwater Devices Inc. v. Morrison-Knudsen Co., Inc., 717 F.2d 1380, 1389 (Fed. Cir. 1983), overruled by In re Seagate Tech., LLC, 497 F.3d 1360 (Fed. Cir. 2007).  However, as the Federal Circuit abandoned this affirmative duty of care and overruled Underwater Devices in In re Seagate, there can be no affirmative duty to continue to monitor any patent, that a potential infringer becomes aware of, for continuations or continuations-in-part, which could perhaps, eventually, issue as patents.

The "bare assertions devoid of further factual enhancement" that Samsung knew or should have known of the other asserted patents as of their issue dates "fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, Ltd., 591 F.3d at 255.  As such, and without any additional facts to

support the assertions that Samsung knew of the '711, '268, '381, and '733 patents, there can be no plausible inference that Samsung would know of their issuance or existence as patents simply from Samsung's alleged knowledge of the '492 patent. This is especially so as the earliest of the continuations did not issue until November 1, 2011, more than six months after Samsung abandoned the '357 patent application. This gap in time undermines any assertion that Samsung would have had a particular reason to become aware of such additional patents. Therefore, even viewing the facts in the light most favorable to the Plaintiff, knowledge of the '492 patent would not plausibly entail knowledge of the patents which claim priority to the '492 patent. Having only relied on the relationship between the '492 patent and the '711, '268, '381, and '733 patents to create a plausible inference that Samsung had the requisite pre-filing knowledge of those patents, VIS has failed to plausibly allege the pre-filing knowledge required for willful infringement with respect to the '711, '268, '381, and '733 patents.

Furthermore, it would be futile to allow VIS leave to amend the complaint as VIS has requested. The current complaint is an amended complaint filed over four months after discovery began and, furthermore, VIS is silent as to how it might amend the complaint in order to resolve the deficiencies. In fact, as noted above, VIS's brief is entirely silent as to the

22

sufficiency of the claim for willful infringement regarding the '711, '268, '381, and '733 patents. The Court interprets such silence on VIS's part as conceding VIS's failure to state a claim for relief with regard to the claim of willful infringement of those patents, and such concession is consistent with the Court's finding above.

### b. The '398 Patent

As noted above, VIS pled sufficient facts to plausibly allege infringement of the '398 patent—the first requirement for pleading willful infringement. However, in order to allege willful infringement, VIS must have also pled sufficient facts to plausibly allege that Samsung had knowledge of the '398 patent (issued on March 13, 2012) prior to the filing of this suit on October 4, 2012. Mitutoyo Corp., 499 F.3d at 1290.

VIS has alleged that Samsung had knowledge of the '398 patent due to Samsung's receipt of an April 27, 2012 Notice of Allowability for Samsung's U.S. Patent Application No. 11/647,153 ("the '153 application"), which included a Notice of References Cited listing the '398 patent. First Amended Compl. ¶ 135. While VIS has clearly pled that Samsung received a Notice of Allowability referencing the '398 patent, VIS must also allege factual content that allows the Court to draw the reasonable inference that the Defendants had knowledge of such

patent prior to the filing of this suit. Iqbal, 556 U.S. at 678; Mitutoyo Corp., 499 F.3d at 1290.

Samsung argues that it would have had no reason to gain knowledge of the '398 patent from such patent's citation in the Notice of Allowability issued on Samsung's '153 application because the '398 patent "had no bearing on whether Samsung's patent would be issued." Mot. to Dismiss at 7, ECF No. 125. However, it is not strictly accurate to say the '398 patent had no bearing on the issuance of Samsung's patent[4] as its citation in a Notice of Allowability meant that the '398 patent did not act as a bar to the issuance of Samsung's patent. Notwithstanding this connection, Samsung argues that VIS has failed to plausibly allege Samsung's "knowledge" of the '398 patent before the filing of this suit.

In their arguments regarding the sufficiency of the pleading of willful infringement of the '398 patent, both of the parties rely on Rembrandt, 2013 U.S. Dist. LEXIS 84245, at *18-21, which asks whether an allegation of willful infringement includes facts from which one can plausibly infer substantive

---

[4] It is not strictly accurate to say the '398 patent had no bearing on the allowability of Samsung's patent, as, had the Patent Examiner concluded that the '398 patent was sufficiently relevant to anticipate or render obvious Samsung's patent application, it would have prevented the issuance of the Samsung patent application, at least as written at that point in time. Thus, the Patent Examiner's finding, that the '398 patent was relevant, did have a bearing on the issuance of the Notice of Allowance for Samsung's patent application in that it was examined and found not to bar issuance.

24

knowledge of the patent-in-suit and its claims. Rembrandt, 2013 U.S. Dist. LEXIS 84245, at *13-14 ("[w]hat matters is not how the putative infringer learned of the patents . . . but simply that the putative infringer has knowledge of the allegedly infringed patent and its claims." (emphasis added)). Therefore, the Court will address its application to this case.

In Rembrandt, the court held that four separate sources of knowledge, including  citations to the patent-in-suit in two separate patents that defendant had knowledge of, were not sufficient to plausibly allege that the Defendant had the requisite pre-suit knowledge of the patent-in-suit to make out a willful infringement claim.[5] Id. The Rembrandt court concluded that, "[a]t most, [plaintiff] has pled various facts that make it conceivable that [defendant] might have learned about the patents in issue, but [plaintiff] has not pled sufficient facts to invite the plausible inference that [defendant] had the requisite pre-suit knowledge of either patent." Id. at *21. It is the opinion of this Court that, despite the lack of citation to Mitutoyo Corp., the court in Rembrandt applied a substantially similar standard as Mitutoyo Corp. for pleading

---

[5] Of the four sources of knowledge, two are citations to the patent-in-suit within other patents, one is a post-filing source of knowledge (the original complaint), and the fourth is that the plaintiff and defendant used the same law firm. Rembrandt, 2013 U.S. Dist. LEXIS 84245, at *7.  Of these, the Court will address only the two citation sources of knowledge as they are the only ones with facts sufficiently similar to the instant case for their analysis in Rembrandt to be helpful.

willful infringement. Although Rembrandt cites to the standard announced by In re Seagate for establishing willful infringement at trial, the Rembrandt court only evaluated the complaint for adequate pleading of pre-suit knowledge, including via "plausible inference[s]." Id. at *16-18, *21. (emphasis added). Because the Rembrandt court focused on the adequate pleading of pre-suit knowledge under the pleading standard of Twombly and Iqbal, this Court concludes that Rembrandt comports with the Mitutoyo Corp. standard.

Not only did the Rembrandt court utilize a standard like the one adopted in Mitutoyo Corp., its analysis of the plausible inferences at play is helpful in this Court's similar analysis. The court in Rembrandt found that defendant's purchase of a patent, which "cited to" the patent-in-suit, was insufficient to plausibly allege pre-suit knowledge specifically because defendant had not participated in the prosecution of that patent. Id. at *17. (emphasis added). The second citation source of knowledge in Rembrandt was a citation to the patent-in-suit in a patent that was the subject of a separate prior infringement suit against the same defendant. Id. at *17-18. Such a source of knowledge would ordinarily lead to a reasonable presumption of knowledge of the "cited to" patent through the course of litigation and the associated investigation of the patent that defendant was alleged to infringe. However, that

prior infringement suit was dismissed before defendant even filed an answer to the complaint. Id.

Here, unlike the situation in Rembrandt, it is reasonable to infer that Samsung would, in its prosecution seeking a valid and enforceable patent, investigate references cited by the patent examiner as relevant to their patent application and, thus, have gained knowledge of the '398 patent from the '153 Notice of Allowability issued on April 27, 2012. Therefore, VIS has plausibly alleged that Samsung gained knowledge of the '398 patent through its prosecution of a patent application which successfully issued as a patent. This Court's finding, that such facts invite the plausible inference that Samsung had the requisite pre-suit knowledge of the '398 patent, is consistent with the court's analysis in Rembrandt.

Additionally, pre-suit knowledge of the '398 patent would have led to knowledge of the '733 patent[6] as it is listed in the Related U.S. Application Data section on the first page of the '398 patent. As the '733 patent is the intermediary which allows the '398 patent to ultimately claim priority to the '492 patent, this connection is sufficiently pled in the amended complaint. First Amended Compl. ¶ 131. Therefore, VIS has

---

[6] Although the parties have represented to the Court that VIS is no longer asserting the '733 patent as infringed, the Court addresses it briefly because the '733 patent is still formally asserted in the current amended complaint.

plausibly alleged that Samsung had pre-filing knowledge of the '398 patent as well as the '733 patent.

### IV. CONCLUSION

To summarize, Defendants' Motion to Dismiss is **DENIED** as to the willful infringement of the '492 patent because, after viewing the facts and all reasonable inferences in Plaintiff's favor, Defendants have not shown Plaintiff's failure to plead a plausible right to recover damages for willful infringement of the '492 patent.

Defendant's Motion to Dismiss is **GRANTED** as to the willful infringement of the '711 patent, the '268 patent, and the '381 patent. The allegation that Defendants knew or should have known of these patents simply from their knowledge of the '492 patent, from which they are continuations, is not a reasonable inference. Thus, as VIS has failed to allege any other facts which would support the assertion that Samsung knew of these patents, VIS has failed to plausibly allege willful infringement of these patents by Defendants.

Defendants' Motion to Dismiss is **DENIED** as to the willful infringement claim regarding the '398 patent and the '733 patent because, viewing the facts and all reasonable inferences in Plaintiff's favor, Plaintiff has plausibly alleged that Defendants had pre-filing knowledge of the '398 patent and the '733 patent.

Accordingly, Defendants' Motion to Dismiss Count VIII, alleging willful infringement, (ECF No. 124) is **GRANTED** with respect to the '711, '268, and '381 patents, and **DENIED** with respect to the '492, '733, and '398 patents. Defendants' Motion to Strike (ECF No. 124) is **DENIED**. Defendants' Request for Judicial Notice (ECF No. 126) is **GRANTED**.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

_____  /s/
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 15 , 2013